<div style="margin-left:auto; text-align:right;">
Nov. Term, 1838.

GULLETT
v.
HOUSH.
</div>

---

GULLETT and Others *v.* HOUSH, Administrator.

The Courts of this state have *no power to set aside their decrees in equity, on motion, after the term at which they are rendered, except in cases, under the statute, of non-resident defendants, infants, &c.*

ERROR to the *Jackson* Probate Court.

DEWEY, J.—This was a bill in chancery by the heirs of *John Gullett*, deceased, against his administrator, for the recovery of the distributive shares of his estate.

*Thursday, November 22.*

Nov. Term,
1838.

GULLETT
v.
HOUSH.

The suit was commenced in the Probate Court of *Jackson* county at the *January* term, 1832. Process was regularly served upon the defendant; and at the *March* term, 1832, the parties having appeared, the defendant had leave to answer ten days before the next succeeding term. At that term, the cause was continued on the application of the defendant, no answer having been put in. At the next term, *November*, 1832, a final decree for 165 dollars and 45 cents was rendered against the defendant for want of an answer. At the next term after the rendition of the decree, the defendant moved the Court to set the same aside, and to suffer him to file his answer. The motion was granted, and the answer filed. The complainants excepted.

The cause then progressed until the *May* term, 1835, when a final decree was rendered in favour of the defendant for 77 dollars and 24 cents and costs. To reverse this latter decree is the object of this writ of error.

By our statute regulating the practice in chancery, non-resident defendants, infants, &c. are permitted to open decrees, on motion, at a term subsequent to that on which they were rendered; but this provision does not extend to the present case. By the *English* practice, a decree, after it has been regularly enrolled, cannot be opened by motion. A bill of review is necessary. 2 Madd. Pr. 454.—1 Ves. jun. 93. And it has been held by the Supreme Court of the *United States*, that the Circuit Courts have no power to set aside their decrees in equity, on motion, after the term at which they are rendered. *Cameron* v. *M'Roberts*, 3 Wheat. 591.

Such, we think, is the general rule applicable to the Courts of this state, and that, therefore, the Probate Court erred in setting aside the final decree rendered in this cause at the *November* term, 1832, and suffering the defendant to answer.

*Per Curiam.*—The decree for the defendant rendered at the *May* term, 1835, is reversed, and the proceedings subsequent to the decree for the complainants, rendered at the *November* term, 1832, is set aside, with costs. To be certified, &c.

*A. C. Griffith*, for the plaintiffs.
*H. P. Thornton*, for the defendant.