*P. L. Spooner* and *A. Brower*, for the appellee.

May Teim, 1859.

CARLISLE
v.
WILKINSON

---

## CARLISLE *v.* WILKINSON and Wife.

| 12 | 91 |
|----|----|
| 156 | 583 |

At common law, a default could not be set aside at a term after the one at which judgment was rendered.

By § 99, 2 R. S. p. 48, it is discretionary with the Court to relieve a party from a judgment by default, or refuse to do so, at any time within a year from the rendition of the judgment.

Where a discretionary power is vested in an inferior Court, there must be a plain case of abuse of that discretion, to justify interference by the Supreme Court.

An application for relief from such a judgment, made at the first term after a default, and based solely upon the affidavit of the defendant simply showing the employment of an attorney and his neglect to defend, was held to have been correctly overruled.

And a second application, made at the next succeeding term, based upon the first affidavit and an affidavit of the attorney that he did not understand that he was employed, although the defendant might have understood that he was employed, was held to have been correctly overruled, for the reason that the affidavit of the attorney came too late—that ordinary diligence required that it should have been filed at the preceding term.

*Quære*, whether, if both affidavits had been filed on the first application, it would have been error to overrule it; and whether an application can, in any case, be renewed upon an additional showing, after having been once made and overruled.

APPEAL from the *Morgan* Circuit Court.

Wednesday,
May 25.

WORDEN, J.—Complaint by the appellees against the appellant, for the assignment of dower in certain real estate. Judgment by default for the plaintiffs below.

At the next term of the Court after the judgment was entered, *Carlisle* appeared by his attorney, and moved to set aside the judgment. He filed an affidavit, setting out

matters relied upon as a defense to the plaintiffs' claim of
dower, and stating "that immediately on the service of
process on him in this case, he went to *Lucian Barbour*,
an attorney at law, of *Indianapolis*, and of that Court, and
employed him to attend to the defense of this case, he
having always been the attorney of affiant, and supposed
he had so done until after the adjournment of the last
term of this Court, when the affiant says he believes the
said *Barbour* neglected it; and affiant says if the judg-
ment which has been rendered against him in this case, is
set aside and opened, and he is permitted to file his an-
swer herein, he can and will establish all the aforesaid
facts," &c.

The motion was overruled, and exception taken.

At the next term of the Court, and before the expira-
tion of a year from the rendition of the judgment, the
motion was again made, and the affidavit of said *Lucian
Barbour* was filed, in support of the motion, as well as
said affidavit of *Carlisle*.   The affidavit of *Barbour* states,
" That, in the month of *September* or *October*, in the year
1854, *Carlisle*, the defendant, came to the law-office of the
deponent and *Albert G. Porter*, with whom the deponent
was then practicing law in partnership, and advised with
them as his attorneys, relative to a suit then recently com-
menced against him in the *Morgan* Circuit Court by the
plaintiffs, for a dower right in certain mill property situ-
ated in *Waverly*, in *Morgan* county.   The deponent did
not then know when the next term of the Court would be
held in *Morgan* county, and so informed Mr. *Carlisle*; and
as both the deponent and said *Porter* had ceased to practice
law in said *Morgan* Circuit Court, they made no contract
with said *Carlisle* to attend to the case at *Martinsville*;
but they advised with him as to his defense to the action.
The deponent further says, that said *Carlisle* left the office
at that time, without anything being said about any em-
ployment of any person to attend to the case in *Morgan*
county; and as this deponent and said *Porter* were at-
tending to said *Carlisle's* law business generally in *Marion*
county, the said *Carlisle* seems to have left the office with

the expectation that the deponent and said *Porter* would attend to the case aforesaid, probably not understanding the rule that the firm of *Barbour* and *Porter* had adopted, not to attend to law business in any Court out of the county of *Marion*, without a special employment and undertaking to that effect. The deponent further says, that he has no recollection whether anything was said in said conversation with said *Carlisle*, as to the rule of this deponent and said *Porter* that they would not attend Court out of the county of *Marion*, without a special undertaking to do so, nor does he know that said *Carlisle* knew of it, nor whether said *Carlisle* had, at any other time, been involved in any law business out of *Marion* county."

The motion was again overruled, and exception taken; and the correctness of these rulings is the only question presented by the record.

At common law, a default could not be set aside at a term after the one at which judgment was rendered. *Blair* v. *Russell,* 1 Ind. R. 516.— *Gullett* v. *Housh,* 5 Blackf. 33.

The statute relied upon, authorizing such proceeding, is as follows:

\* \* \* "The Court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and at any time within one year relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any of the proceedings." 2 R. S. p. 48, § 99.

By the above provision, it will be seen that it was in the "discretion" of the Court below to relieve the party from the judgment, and permit him to plead, or to refuse the application. Where a discretionary power is vested in an inferior Court, there must be a plain case of the abuse of that discretion, in order to justify 'the interference of this Court. *Morris* v. *Graves,* 2 Ind. R. 354.— *Detro* v. *The State,* 4 id. 200.— *Heberd* v. *Myers,* 5 id. 94.

The application, made at the first term of the Court after the default, was based solely upon the affidavit of *Carlisle*. That affidavit, so far as the point now under

May Term,
1859.

CARLISLE
v.
WILKINSON.

consideration is concerned, simply shows the employment of an attorney to defend the cause, and a neglect by that attorney to do so. The ruling of the Court on this application, if not clearly right, is far from being clearly wrong. It seems to us that something more than mere neglect on the part of the attorney should be shown—some good reason or excuse for the failure. The negligence of his attorney is the negligence of the party, and it should be shown to be "excusable"—otherwise, it is not within the terms of the statute.

But at the next term of the Court, the affidavit of Mr. *Barbour*, the attorney alleged to have been employed, was filed, and the motion to set aside the default renewed. The affidavit of Mr. *Barbour* puts an entirely different phase upon the matter. Mr. *Barbour* did not understand that he was employed at all in the cause, and of course could have been guilty of no negligence in not attending to it. The affidavits, taken together, show about this state of facts:— *Carlisle*, supposing he had employed *Barbour* to defend the suit, gave himself no more trouble about it; while *Barbour* not being employed, or not understanding himself to be employed, of course paid no attention to it whatever, and in the meantime default was entered.

It is insisted that the application to set aside the default having been once made and overruled, could not be repeated; that such an application is similar to applications for a change of venue. *Millison* v. *Holmes*, 1 Ind. R. 45.

It is unnecessary to decide, in the present case, whether the above proposition is, in all respects, correct, as we think the affidavit of *Barbour* came too late. There is no reason shown why it could not have been procured and filed at the time *Carlisle's* was filed. Ordinary diligence, we think, required this to be done. One vacation intervened between the default, and the first application to set it aside, during which, for aught that appears, Mr. *Barbour's* affidavit might have been taken, and filed in support of the motion. This, however, was not done, but the appellant chose to rest the motion on his own affidavit. Having failed in this, he procured the affidavit of *Barbour*, and

at the next term, renewed his motion upon the two affida- <span>May Term, 1859.</span>
vits. Under the circumstances, we think it clear that no
error was committed in overruling the motions.

Whether or not, had both affidavits been filed on the
first application, it would have been error to overrule it;
or whether an application can, in any case, be renewed
upon an additional showing, having been once made and
overruled, are questions which we do not decide.

*Per Curiam.*—The judgment is affirmed with costs.

*R. L. Walpole, D. Wallace,* and *J. Coburn,* for the appellant.

*D. M'Donald,* for the appellees (1).