## COOPER v. JOHNSON.

EXCUSABLE NEGLECT.—ABUSE OF DISCRETION.—Section 99 of the code gives to the lower courts a discretion to relieve a party from a judgment taken against him through his mistake, &c., and the Supreme Court will not review the exercise of this power, unless that discretion has been plainly abused.

APPEAL from the *Ripley* Circuit Court.

ELLIOTT, J.—Suit by *Johnson* against *Cooper*, the appellant, and one *Maxley*. Process was duly served on the defendants and judgment rendered by default. Afterwards and during the same term of the court at which the judgment was rendered, *Cooper* appeared, and on affidavit filed moved the court to set aside the judgment and default, and permit him

to defend. The motion was overruled; to which ruling *Cooper* excepted, and appeals to this court.

The grounds of defense stated by *Cooper* in his affidavit were, that he executed the note on *Sunday;* that he signed the note only as surety for *Maxley,* and that after its maturity, and more than a year prior to the commence-ment of the suit, he gave the plaintiff verbal notice to proceed without delay to collect the note by suit against *Maxley,* but that he had failed to do so, and that *Maxley* had become insolvent, &c. It is further stated in the affidavit, as an excuse for not appearing to the action before the default and judgment, that he, *Cooper,* came to *Versailles,* where the court was held, on *Monday* the first day of the term, to attend to the case, and there saw the plaintiff and *Maxley;* that arrangements were being made by them to settle said claim so as to save him, *Cooper,* harmless; that they were considering a proposition that *Maxley* should execute to *Johnson* a mortgage on land in *Missouri,* to secure said claim, but had not agreed on the terms; that on the same day, the plaintiff told said *Cooper* that he believed he could arrange the suit then pending so as to get said note secured by *Maxley,* and that he thought he could fix up the claim with *Maxley,* and that he, *Cooper,* should not be uneasy about the matter; that said *Maxley* also told him, in the plaintiff's presence, not to be uneasy, that he would fix the matter up with the plaintiff so as to save him, *Cooper,* harmless; that relying on said assurances, he did not appear to said action nor employ an attorney; that the default was taken against him on *Tuesday,* and that he afterwards learned that the *Missouri* land which *Maxley* proposed to mortgage was already covered by mortgages to its full value, which was unknown to him, *Cooper,* until after the default.

*Cooper* also filed the affidavit of *Maxley,* in which it was stated that he was the principal, and *Cooper* only his surety, on the note sued on; that before the suit was commenced, on the — day of ———, 1865, he paid the plaintiff the

interest on the note, not then due, but which interest would become due on the 21st of *April,* 1866, at the rate of ten per cent., in consideration of which the plaintiff agreed that the said *Maxley* might have until the 21st of *April,* 1866, to pay the principal of said note; that said agreement for the extension of time was made without the knowledge or consent of *Cooper.* *Maxley* also stated in his affidavit that on *Monday,* the first day of the term, there was a negotiation pending between him, the plaintiff, and *Cooper,* in regard to a compromise of the note by giving a mortgage security therefor, either to the plaintiff or to *Cooper;* that he, *Maxley,* left *Versailles* on *Monday* night on business, and understood that the case would not be called up until the third day of the term, and intended to return at that time and close up the compromise if possible, and did not know that a default had been taken until *Wednesday* noon.

The motion was founded on the latter clause of section 99 of the code, which reads thus: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor, and at any time within one year relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceeding." 2 G. & H., p. 118.

This provision of the statute authorizes the court, in its discretion, to relieve a party from a judgment taken against him under the circumstances stated therein, and it is settled that where a discretionary power is vested in an inferior court, there must be a plain case of the abuse of that discretion in order to justify the interference of this court. *Carlisle* v. *Wilkinson,* 12 Ind. 91, and authorities there cited. Such, we think, is not this case. *Cooper* knew the suit was pending, and there was nothing to prevent him from appearing and making his defense, if he had any. He knew that *Maxley* was proposing to secure the note by a mortgage on

*Missouri* lands, and left the case undefended in the hope that the arrangement would be consummated, without employing counsel or making any provision for a defense in the event of a failure of the proposed arrangement.

This, the court below seems not to have regarded in the light of excusable neglect, and we do not think the facts presented show such an abuse of the discretionary power of the court as to justify a reversal.

The judgment is affirmed, with two per cent. damages and costs.

*Harrington* and *Roseburgh,* for appellant.