———o———

SMITH *v.* NOE.

PRACTICE.—*Judgment by Mistake, &c—Statute Construed.*—The act of March 4th, 1867 (Acts 1867, p. 100), amendatory of section 99 of the code, changes the discretionary power of the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, to an imperative duty; applies the limitation to the time of commencing the proceeding, instead of the time of granting the relief; extends the time to two years; and authorizes the proceeding to be instituted by complaint or motion.

PROCESS.—*False Return.*—Where the service of summons is on Sunday, and therefore void, so that if true return be made no legal default can be taken, but the sheriff returns the writ as served on Monday, the defendant cannot impeach the false return for the purpose of avoiding an appearance to the action.

APPEAL from the Marion Civil Circuit Court.

ELLIOTT, J.—On the 18th of June, 1864, Noe commenced this suit against Smith, the appellant, and Hall, on an account or claim assigned to him by Olney Gould. It is alleged in the complaint that Smith and Hall were partners in large contracts for supplying the United States with horses for the army, and desiring the services of Gould to aid them in filling said contracts, they agreed to give him one-eighth interest in the profits that might be realized therefrom; that under said agreement, some 6,200 horses were purchased and delivered to the United States, on the contracts of Smith and Hall. The profits on these amounted

to the sum of $80,000, of which sum Gould was entitled to $10,000, which Smith and Hall refused to pay; and that Gould had assigned his claim therein to Noe, the plaintiff.

Smith was not a resident of this State. Hall was served with process, and the cause was continued from term to term, until the November term, 1867, when it appeared by the return of the sheriff of Jackson county, in this State, to a summons directed to him, that he served the same on Smith, by reading, on the 27th of May, 1867.

On the second day of the term last named both Smith and Hall were defaulted. On the 7th day of the term, at the instance of the plaintiff, the case was submitted to the court, on evidence, and on the 9th day of the same term the court found for the plaintiff, and assessed his damages at $12,000, and rendered a judgment therefor. The plaintiff then entered a *remittitur* for $2,000 of the judgment.

Afterwards, on the 23d day of November, 1867, and eighteenth judicial day of the same term of the court, Smith filed a written motion, supported by affidavits of himself and others, praying the court to set aside said default and judgment against him, "taken through his mistake, surprise, inadvertence, and excusable neglect."

Smith states in his affidavit, among other things, that he is, and for many years has been, a citizen of the State of Ohio, and that the summons in the case was served on him, by a person representing himself to be the sheriff of Jackson county, Indiana, on Sunday, whilst he was passing through this State, on the Ohio and Mississippi railroad; that about the 1st of June thereafter, he received by mail, from the same person who served the summons on him, as he supposed, a copy of said summons, which he immediately delivered to Mr. Tilden, his attorney at Cincinnati, Ohio, where he (Smith) then resided; that Mr. Tilden advised him that said copy of the summons ought to be forwarded to Messrs. McDonald, Roache, and Sheeks, his attorneys at Indianapolis, Indiana, who had been retained by him in said cause immediately after it was commenced, and more

than a year before he was so served with process; that Mr. Tilden thereupon agreed to send it for him to McDonald, Roache, and Sheeks, and that he is informed and believes that Mr. Tilden did so forward it by mail; that he is informed and believes that the letter enclosing the copy of said summons was not received by McDonald, Roache, and Sheeks, and that they were not aware of said service until after the default was taken. The affiant further states that when the judgment was obtained, he was at Memphis, in the State of Tennessee, and was not aware that judgment had been obtained in said cause, until Wednesday, the 20th of November, 1867, and was not aware that his presence was required in said cause until Tuesday, the 19th of said month; that relying on his counsel aforesaid to attend to said cause, he did not give the same his personal attention, but waited for and expected them to give him notice when the same might be required of him; that owing to the miscarriage of said letter to McDonald, Roache, and Sheeks containing the copy of the summons, they were not informed thereof until after a default had been taken in said cause.

"And he avers that he has a meritorious defense to said action, in this, viz: That he was not at any time in partnership with said Gould, the plaintiff's assignor; that at the time the plaintiff claims that such partnership existed, this defendant and his co-defendant, Hall, were engaged in some joint transactions in the business mentioned in said complaint; and he is informed that, by some arrangement between said Gould and Hall, exclusively, said Gould was to have some interest in the share of said Hall in the profits of said business; that your petitioner and Hall were to divide the profits of said business equally, and since said transaction, he is informed that said Gould was to receive one-fourth of said Hall's share of the profits of said business; that affiant was not aware during the progress of said business as to the exact terms of the contract between said Hall and said Gould; but after said business was closed, he

was informed that the said Gould claimed to have the interest as above stated. And affiant states that he never made, or authorized any person to make for him, any contract with said Gould, giving him, the said Gould, any interest whatever with him, said Smith, in said business, or the profits thereof. And affiant states that the profits of said business were not eighty thousand dollars, the amount claimed in the complaint of said Noe, but amounted to the sum of twenty-eight thousand four hundred and eight dollars and eighty-four cents, and no more, one half of which sum was paid to C. W. Hall, and one-half retained by this petitioner; that at the time of said settlement between this affiant and said Hall, which occurred in the spring of 1863, said Gould did not claim any interest whatever out of the share of this petitioner of the profits of said business, and never stated to this affiant until this suit was brought that he claimed any interest whatever therein. And your petitioner states that he has in his possession, and will produce before the court, books of account of said transaction, containing the number of animals purchased, the prices paid, the prices received, the cash contributed, and the discount account. And your petitioner states that he desires to appear and defend himself in said cause, which he believes he can do successfully; that he is able and willing to pay any judgment that may hereafter be rendered in said cause; and affiant says that, by unavoidable casualty and mistake, unmixed with any fault or negligence of his, or the fault or negligence of his counsel, an undue advantage has been gained in said proceedings; and he says that but for said mistake and unavoidable casualty, he would have appeared and defended said cause; that affiant is entirely unacquainted with, and ignorant of, court proceedings; and believing that said McDonald, Roache, and Sheeks, his counsel aforesaid, had received said copy of said summons, and that they would notify him when his presence would be required, he left the matter to their control."

William Tilden states in his affidavit:—"I am a member

of the bar of Hamilton county, Ohio; was admitted to the practice in said State in April, 1854; have resided in the city of Cincinnati, and have practiced law there, since October 10th, 1858; have been the resident attorney of said defendant Smith since the fall of 1862. Some time in the summer or fall of 1866, as nearly as I can now state, in the absence of my books, the defendant Smith called upon me at my office in the said city of Cincinnati, and stated that he had incidentally learned that the complainant Noe had brought suit against him in said court. Said Smith stated that he had never been served with process in said cause, and accidentally learned of its existence. I immediately recommended him to employ counsel in the city of Indianapolis to attend to his interest, and on his behalf wrote McDonald, Roache, and Sheeks, attorneys at said place, and requested them to examine the matter as to service on Smith. Said McDonald, Roache, and Sheeks reported to me, first by telegram, and afterwards by mail, that there had not been any service of summons on said Smith; that it had been attempted to make service on said Smith by publication, and reported said service invalid. Affiant is informed that, afterward, counsel for complainant abandoned said pretended service by publication, and made the service on said Smith described in said Smith's petition herewith filed.

"And affiant further states that, afterward, and on or about the 1st day of June, 1867, the said Smith called at the office of this affiant and delivered to him a paper writing, inclosed in an envelope bearing the usual marks of having passed through a post-office somewhere in the State of Indiana. That said paper writing purported to be a copy of a summons in this cause. Said Smith then asked if it was right and legal to serve him on Sunday, stating at the same time that the said summons was served on him, on the cars of the Ohio & Mississippi Railroad, on Sunday evening, about half after ten o'clock. I informed him that I would send said paper to his counsel, McDonald, Roache, and

Sheeks, and call their attention to the circumstances attending said service. On the same day I wrote to said McDonald, Roache, and Sheeks, and directed their attention to the question of service on Sunday. I also inclosed with said letter the paper aforesaid, handed me by said Smith, and stated to said Smith that his counsel at Indianapolis would attend to his interest in said case. I was absent from said city of Cincinnati during the greater part of the summer of 1867, and returned on the 18th of September, and not finding any letters from said McDonald, Roache, and Sheeks, I wrote them on the 21st day of said month concerning the case of said Smith in their hands; but not deeming it necessary to say anything further on the point of service, and supposing my letter to them containing said copy of said summons had been received, I did not again mention the subject. I am informed and believe that said letter, sent by myself in June, has never been received by said McDonald, Roache, and Sheeks. And affiant further states that on the same day that said letter inclosing said summons was written as above stated, and within a short time afterward, this affiant handed said letter to Mr. H. J. Harrop, then in the employ of this affiant, and whose affidavit is hereto attached, and directed said Harrop to attend to the mailing of said letter, as appears by the statements of said Harrop in his said affidavit. This affiant says he has good reason to and doth believe that said Smith has a good defense in said action, and that he, the said Smith, can successfully defend the same if an opportunity shall be given him."

Henry J. Harrop in his affidavit says:—"I am a member of the Bar of Hamilton county; that in the months of May and June, and in the summer and fall of 1867, I was in the office of W. Tilden, attorney at law, in the city of Cincinnati, Ohio; that part of my office duties consisted in mailing letters and attending to the business correspondence carried on in said office; that affiant, during said months, mailed a number of business letters to the firm of McDonald, Roache, and Sheeks, attorneys at law, at Indianapolis,

Indiana; that I deposited in the Cincinnati post-office at least two letters directed by said Tilden to said firm of McDonald, Roache, and Sheeks in said months. On one of said occasions during said months said Tilden handed me a letter directed to said firm of McDonald, Roache, and Sheeks, and requested me to see that said letter should be mailed on that day, as it was important that said attorneys should receive it at once, and I remember distinctly of mailing said letter in the receiving box of the post-office of Cincinnati, Ohio."

David Sheeks states in his affidavit:—" Several months before the first day of the present term of this court, the firm of McDonald, Roache, and Sheeks was employed, through William Tilden, Esq., an attorney at law residing in the city of Cincinnati, in the State of Ohio, to attend to the case for the said defendant Smith in the above entitled cause; that after said employment it became the duty of this affiant especially to attend to the same for said firm, and the same was left in his care; that at the time of said employment, said Smith, as he is informed and believes, had not been served with process therein, except by publication, which was deemed insufficient by said firm to enable the plaintiff to take personal judgment against said Smith, and said cause was continued for process against him, said Smith; that the said Sheeks had not, and he is informed and believes that neither of the other members of said firm of McDonald, Roache, and Sheeks had any knowledge whatever of process other than by publication having been had, until after a default had been taken herein at this present term of this court against said Smith. And he further states that he never received any letters from said William Tilden, Esq., informing said firm, or any member thereof, of any service on said Smith in said cause, nor did he ever receive from said Tilden, or any other person, any copy of any summons or any notice that had been served on said Smith. And he further states that no appearance has been entered by said firm for said Smith in said cause."

J. E. McDonald, being sworn, says:—"That he has read the foregoing affidavit of David Sheeks, and that the same is true in substance and matter of fact; that the affiant was a member of the firm of McDonald, Roache, and Sheeks at the time the facts therein stated transpired, and that he had no personal knowledge of any service on said Smith, except by publication, until after the default had been taken in the cause, when he gave verbal notice to the attorneys of the plaintiff, that as soon as the defendant Smith could be notified and brought here, a motion would be made to set aside the default."

The following statement, by agreement of the parties, was taken as a part of the foregoing affidavit of J. E. McDonald, to wit:—"That at the time the default was taken in said cause, no member of the firm of McDonald, Roache, and Sheeks was present in the court; that on Wednesday or Thursday of the first week of the court, and on the day that said firm learned of the default, Mr. Sheeks, one of the members of the firm, applied to the attorneys of the plaintiff to set aside the default and permit said Smith to defend said suit, and thereupon the attorneys for the plaintiff proposed to set aside said default, if the said Smith would file his answer on or before the sixth day of the term, but said Sheeks declined to do so, for the reason that he had not been able to communicate with the said Smith, and did not know his whereabouts, or that he could then be prepared to answer and defend the suit; that on Monday, the seventh day of the term, when the said cause was tried, Joseph E. McDonald, one of the attorneys of the defendant, was present in court, and knew of said trial, but did not enter any appearance for said Smith; that said McDonald then gave verbal notice that as soon as he could communicate to the said Smith he would move to set aside the judgment."

The court overruled the motion, and refused to set aside the default and judgment, to which the appellant excepted. This ruling presents the only question in the case.

The motion is founded on section ninety-nine of the code, as amended by the act of March 4th, 1867. Acts 1867, 100. That part of the original section which relates to the subject of the motion in this case, is as follows: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and at any time within one year relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings."

It has been repeatedly held that applications under this provision are addressed to the discretion of the lower court; and, although the action of the court upon them is subject to be reviewed on appeal, that there must be a plain case of the abuse of that discretion in order to justify the interference of this court. *Carlisle* v. *Wilkinson,* 12 Ind. 91; *Cooper* v. *Johnson,* 26 Ind. 247. The same clause of the section as amended by the act of 1867, reads as follows: "The court may also, in its discretion, allow a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." It is further provided by section two of the amendatory act, that the section as amended "shall apply to the case of any mistake, inadvertence, surprise, or excusable neglect, or omission, existing prior to the passage of the same, upon complaint or motion filed within one year after the occurrence of such mistake, surprise, excusable neglect, or otherwise."

It will be observed, by a comparison of the original with the amended section, that the only changes made by the amendment are in that clause of the section copied above, which changes are: 1. It changes the discretionary power of the court by the use of the word "shall" to an imperative duty to "relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect." 2. It applies the limitation to the time

of instituting the proceeding for relief, instead of the time within which it could be granted by the court, and extends the time to two years instead of one. 3. It authorizes the proceeding to be instituted either by complaint or motion. It is evident that the legislature, by the use of the word "shall" in the section as amended, intended to adopt a more liberal practice in such cases, by excluding the idea of any mere discretionary power in the court in granting or refusing the application, and to confer on the party the right to demand the relief, when it is made to appear that the judgment was taken against him through his "mistake, inadvertence, surprise, or excusable neglect," and that this court, in reviewing the question, should be governed by the same rule.

Applying this view of the statute to the facts presented by the record in this case, we think the Circuit Court erred in refusing to set aside the default and judgment and permit the appellant to present his defense. The judgment taken against him is for a large sum, and if it be true, as it appears by his affidavit, that he has a valid defense to the entire action, he will be compelled to suffer great injustice if the judgment and default are not set aside. He is, and for years past has been, a resident of the State of Ohio, in the courts of which he was liable to be sued, and, by the service of process upon him, compelled to appear and defend, or suffer the consequences. But he was under no obligation, either legal or moral, to voluntarily submit himself to the jurisdiction of the courts of this State for the purposes of the litigation, and it is evident that he did not intend to do so. He was aware of the institution of the action in the Marion Circuit Court, and of an effort to bring him before that court by publication, and immediately thereafter retained the services of McDonald, Roache, and Sheeks in looking to the case and guarding his rights therein; and on being advised by them that no personal judgment could be taken against him merely upon notice by publication, he rested in a feeling of security, and did

not look further to the matter. Thus the case stood until the summons was served on him, on the Ohio and Mississippi railroad, in this State, by the sheriff of Jackson county, as the appellant testifies, on Sunday, the 26th of May, 1867. A few days subsequent to that service, the appellant received by mail, at Cincinnati, Ohio, a copy of the summons, which he immediately delivered to Mr. Tilden, his resident counsel there, and at the same time informed Mr. Tilden that the summons was served on him in Jackson county, on Sunday, and, at his instance, Mr. Tilden enclosed the copy of the summons in a letter directed to McDonald, Roache, and Sheeks, and called their attention to the fact that he was informed by the appellant that the summons was served on him on Sunday. That the letter of Tilden to McDonald, Roache, and Sheeks was regularly mailed at Cincinnati, Ohio, is not controverted; and that it miscarried and was never received by them is not denied. No negligence can be imputed to them, as they had no knowledge or information that process had been served on Smith, and neither of them was present in court at the time he was called and defaulted. Smith not being a resident of this State, they could not anticipate that a personal service in the State would be made upon him. The return of the sheriff to the summons shows that it was served on the 27th of May, 1867, being Monday, and not on Sunday, the 26th, as sworn to by Smith. The return, however false, could not be controverted or impeached by the latter for the purpose of avoiding an appearance to the action, nor is that the object of the affidavit. But if the service was in fact made on Sunday, as Smith swears it was, it would be void, and would impose no legal obligation on him to appear to the action; and hence, if the sheriff's return had shown that fact, no legal default could have been taken. It cannot be presumed that Smith could anticipate that the sheriff would make a false return as to the date of the service, and he could not, therefore, be greatly at fault in waiting to be advised in the matter by

his attorneys at Indianapolis, to whom he had caused the copy of the summons to be forwarded by mail, their attention being called to the fact that the service was made on Sunday. Smith had reason to presume, as he did, that the letter of Tilden containing the copy of the summons had been received by McDonald, Roache, and Sheeks. In this he was mistaken. The presumption was resonable, and the mistake was not, therefore, culpable. McDonald, Roache, and Sheeks were made aware of the fact that Smith did not intend to submit himself to the jurisdiction of the Marion Circuit Court, unless legally compelled to do so, and it is evident that one, if not the principal, object of their employment was, that they might advise him and see that he was not entrapped into the necessity of so appearing to the action. Under such circumstances, it was but reasonable that Smith, after communicating with them, should await their advice, rather than go to Indianapolis and look after the matter personally, and thus place himself within the jurisdiction of the court, where he would be liable to be personally served with process; and if he thus waited for his attorneys to advise him longer than strict diligence might seem to justify, without again calling their attention to the subject, the circumstances of the case would seem to require that it should be regarded only as an inadvertence —an excusable neglect.

The judgment is reversed, with costs, and the cause remanded, with directions that the default and judgment against the appellant, Smith, be set aside, and that he be permitted to answer, and for further proceedings.

*W. Tilden, J. E. McDonald, A. L. Roache,* and *E. M. McDonald,* for appellant.

*A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellee.