## PACKER ET AL. *v.* BURT.

PRACTICE.—*Motion to Set Aside Verdict.*—A cause was called for trial about half past nine A. M., and a jury was ordered into the box, when, upon application of the defendant, he was granted time, until noon, to prepare affidavits for a continuance; at noon, the defendant and his principal attorneys being absent from the court room, the court adjourned until half past one o'clock P. M., after announcing that said cause would be the first cause for trial, and ordering the prompt attendance of the jury. At the time designated, the court met, after the court-house bell had, as usual, been rung twice, the defendant and his principal attorneys being absent, engaged upon said affidavits, within hearing distance of the court-house; the defendant was three times called, within the court room, and came not, and thereupon the cause was tried, an attorney present stating that he was an assisting attorney in the cause, but that he was not informed of the facts and had no evidence to introduce; and the jury having retired, the defendant, with his principal attorneys, appeared in court, eight minutes after the time fixed for the meeting of the court. The jury returned a verdict against the defendant, he moved to set it aside, and the motion was overruled.

*Held*, that there was no abuse of discretion by the court.

From the Fulton Circuit Court.

*E. Haymond*, for appellants.

*H. S. Biggs*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellants, upon a promissory note.    Answer: payment, want of consideration, and set-off.    Replication.    Trial by

Packer *et al. v.* Burt.

jury, verdict and judgment for the plaintiff for the amount of the note and interest.

It appears by a bill of exceptions that on February 26th, 1873, that being the second day of the term, at about half past 9 o'clock A. M., the cause was called for trial, and a jury was ordered into the jury box for that purpose. Thereupon, the defendants desiring a continuance of the cause, time was given them by the court, until noon, to prepare affidavits for that purpose. Packer and his principal attorneys thereupon withdrew from the court room to prepare the affidavits. At noon the court adjourned until half past 1 o'clock, but announced before doing so that this would be the first cause for trial, and required the jury to be promptly in their seats at the hour appointed. Neither of the defendants nor their principal attorneys were present when this announcement was made, and the court adjourned. The court met promptly at the hour designated in the afternoon, the court-house bell having been rung, as was the usual custom, fifteen minutes and again at five minutes before the hour of meeting At the hour of meeting in the afternoon, neither of the defendants was present. Packer and the principal attorneys for the defendants were then at the office of one of the attorneys, making some slight changes which were thought to be necessary in one of the affidavits. This office was within hearing distance from the court-house, and Packer or his attorneys could have heard the call, had they been called from the door of the court-house. They were not thus called. At the meeting of the court in the afternoon, at the hour designated, neither the defendants nor their counsel being present, the defendants were three times called, within the court room, but came not, and thereupon a jury was empanelled to try the issues joined. There being no answer in denial, the plaintiff gave in evidence the copy of the note attached to the complaint. At this point, an attorney of that court appeared and stated that he was attorney for the defendants, and he was informed that the jury was sworn and the cause ready for trial. He then stated

that he was simply a local attorney, assisting others, naming them, who were the principal counsel, and that he was not informed of the facts of the case, and that he had no evidence to introduce. Thereupon the jury, under the direction of the court, retired to consider of their verdict. All this occurred within the space of eight minutes; for within eight minutes after the hour fixed for the meeting of the court, Packer and his principal attorneys appeared in the court room, with the affidavits prepared for a continuance of the cause, only to find that the cause had been already tried, and that the jury were out making up their verdict.

No application was made to recall the jury, in order that evidence might be introduced on behalf of the defendants. The jury returned the verdict, as above stated, and the defendants moved to set it aside. The motion was overruled, and judgment rendered on the verdict.

The question presented is, whether the court erred in refusing to set aside the verdict.

We do not deem it material to determine whether or not the affidavits presented a good ground for the continuance of the cause. The court did not pass upon any motion to continue. Time was given to prepare affidavits for a continuance, and after the expiration of that time, the affidavits not having been presented, and the cause having been reached for trial, it was tried in the regular order of business.

If the defendants are entitled to any relief, it is under section 99 of the code as amended. Acts 1867, Reg. Sess., p. 100.

Assuming that the affidavits filed show a good defence to the action, a point contradicted by the appellee, still we cannot say that any " mistake, inadvertence, surprise or excusable neglect" has intervened, through which the verdict and judgment were obtained.

The defendants, it seems to us, were given ample time to prepare their affidavits. The adjournment of court at noon gave them an hour and a half longer. The cause having been reached for trial in the forenoon, and time given until

noon to prepare affidavits, the defendants must have known that the cause would be taken up immediately upon the sitting of the court in the afternoon. The bell rang twice before the hour fixed for the afternoon session, giving the defendants ample notice of the approaching time. The defendants' failure to arrive sooner at the court-house must be regarded as their misfortune. The court might, in the exercise of its discretion, have adopted a more liberal practice, and waited a few minutes longer, or had the defendants called at the door of the court-house, without subverting the substantial ends of justice, or wasting much time; but we cannot say that the course pursued by the court was erroneous. The matter lay much in the discretion of the court below, and we cannot say that that discretion has been abused. *Cooper* v. *Johnson*, 26 Ind. 247.

The judgment below is affirmed, with costs.