## THE INDIANAPOLIS PIANO MANUFACTURING CO. ET AL. *v.* CAVEN.

PROMISSORY NOTE. — *Payable in Bank.* — *Locality of Bank Not Stated.* — Where a promissory note is made in this State, payable at a bank named, the locality of the bank not being stated, in an action on the note in a court of this State, the bank will be presumed to be located in this State, unless the contrary appears, and, therefore, on demurrer to the complaint, the note will be regarded as negotiable by the law merchant.

PRACTICE. — *Pleading.* — *Striking Out Relevant Matter.* — In an action on a

The Indianapolis Piano Manufacturing Co. *et al. v.* Caven.

promissory note stipulating for ten per cent. attorney's fees if suit should be instituted thereon, an allegation in an answer, that such stipulation was intended to enable the plaintiff to receive usurious rates of interest on the note was relevant and pertinent, as tending to constitute a defence as to a part of the plaintiff's claim, and it was therefore error, whether the matter was well pleaded or not, to strike such allegation out on motion; and where, by such striking out, the defendant was deprived of the right, which he otherwise would have had, to introduce evidence of the fact so alleged, such error could not be regarded as harmless.

SAME.—*Trial in Absence of Defendant.*—Where a cause at issue has been reached for trial, and the defendant and his attorney are absent, it may be submitted to the court for trial of the issues joined, without the intervention of a jury, without calling the defendant.

SAME.—*Relief from Neglect, etc.*—Prior to the adjournment of a court for a holiday recess, an attorney for the defendant in a cause, which he knew was the next cause for trial, informed the court, in the hearing of the plaintiff's counsel, that he would be absent during the recess, and could not return until an hour after the usual time for the meeting of the court; and upon the meeting of the court, pursuant to adjournment, the defendant and his attorney being absent, the court required that said cause be tried or passed; and the plaintiff's attorney having notified the resident partner of said defendant's attorney that said cause had been called for trial, and said partner, who, as was afterwards shown, was not prepared in said cause, having refused to appear, the plaintiff's attorney submitted the cause to the court for trial; and said defendant's attorney, upon his arrival at the hour so announced by him, found that the cause had been tried, and that a finding had been rendered for the plaintiff.

*Held,* upon affidavits showing these facts and a partial defence, that the defendant was not entitled to any relief.

From the Marion Civil Circuit Court.

*J. Hanna* and *F. Knefler,* for appellants.

*J. N. Sweetzer, J. W. Gordon, T. M. Browne* and *R. N. Lamb,* for appellee.

WORDEN, C. J.—The appellee sued the appellants upon the following promissory note, viz.:

"$1,681.76.                    INDIANAPOLIS, Oct. 9th, 1871.

"Six months after date, we promise to pay to the order of John Caven, sixteen hundred and eighty-one and seventy-six hundredths dollars; ten per cent. attorney's fees, if suit be instituted on this note. Negotiable and payable at Fletch-

er's Bank, value received, without any relief whatever from valuation or appraisement laws, with interest at twelve per cent. per annum after maturity. The drawers and endorsers severally waive presentment for payment, protest, and notice of protest, and non-payment of this note.

"INDIANAPOLIS PIANO M'F'G CO.,

"By W. J. H. ROBINSON, Pres't."

Endorsed as follows: "W. J. H. Robinson, J. C. Geisendorff, C. E. Geisendorff & Co."

There were three paragraphs in the complaint. The first charged that those who placed their names upon the back of the note intended thereby to become makers thereof, and to assume a primary liability thereon. The second charged them as endorsers, and the third as "guarantors, sureties and endorsers" for the manufacturing company.

A demurrer to the complaint, for want of sufficient facts, was overruled, and exception taken.

The defendants answered :

1. General denial.

2. Payment.

3. The payment of usurious interest, which is sought to be recouped.

4. "That said note, upon its face, shows that he, said plaintiff, charges illegal and usurious rates of interest, in this, *that the said sum of ten per cent. for attorney's fees is unreasonable, illegal and usurious, and was intended to enable the plaintiff to have and receive usurious rates of interest on said note; that said rate of ten per cent. for attorney's fees is double the usual and just sum allowed and obtained by law;* and, further, that said note, upon its face, bears interest at the rate of twelve per cent., a rate illegal and usurious. Wherefore the defendants pray that, as to the illegal interest, to wit, all over ten per cent., and as to said attorney's fees, all over the rate of five per cent., they may have judgment; and as to the residue of said note, they deny the same."

On motion of the plaintiff, the court struck out the words

in italics in the above paragraph, and the defendants excepted. The paragraph, after it had been thus cut down, was held good on demurrer.

The plaintiff replied in denial of the second, third and fourth paragraphs of the answer, and the issues thus formed were, in the absence of the defendants and their attorneys, but when the cause had been regularly reached in its order for trial, submitted to the court for trial, resulting in a finding and judgment for the plaintiff, for the sum of two thousand one hundred and sixty-nine dollars and eighty-one cents.

Errors are assigned upon the rulings of the court, amongst other things, in overruling the demurrer to the complaint, and in striking out the part indicated of the fourth paragraph of the answer.

The objection urged to the complaint, as we understand from the brief of counsel, is, that the note sued upon, being payable at "Fletcher's Bank" merely, without any designation of its locality, is not governed by the law merchant, and, therefore, that the endorsers cannot be sued until the maker has been prosecuted to insolvency, etc. This objection has no application to the first paragraph, which charges all the parties as makers, and perhaps not to the third, but it applies to the second.

But the objection is not, in our opinion, well taken. All notes payable to order or bearer in a bank in this State are governed by the law merchant. The bank, in this instance, is specified, Fletcher's Bank. But the locality is not specified.

It is well settled, that a contract sued upon in the courts of this State will be presumed to have been made here, unless it appears to have been made elsewhere. *Rose* v. *The Thames Bank*, 15 Ind. 292, and authorities there cited. So, we think that where a note is made in Indiana and payable at a named bank, without designating its locality, it will be presumed to be located in Indiana, unless the contrary appears. When such a note is made here, payable at

a bank, it will be presumed to be payable in the State, rather than out of it.

There was no error in overruling the demurrer to the complaint. But, in our opinion, the court committed a fatal error in striking out the matter in the fourth paragraph of the answer. There can be no doubt that if the stipulation in the note in relation to attorney's fees was intended by the parties to enable the plaintiff to receive usurious rates of interest on the note, that fact would reduce the amount to be recovered as attorney's fees, or possibly defeat the claim for such fees altogether. The question is not whether the matter was well pleaded, but whether it was relevant and pertinent.

In *Port* v. *Williams*, 6 Ind. 219, the court said, in relation to striking out:

" A motion to strike out does not perform the office of a demurrer, either under the old or new practice. Whether it" (the matter struck out) " was a sufficient defence to bar the action was wholly immaterial. It was, at least, such pertinent matter as the court ought not to strike out on motion."

To the same effect are the cases of *Williams* v. *Port*, 9 Ind. 551; *Skeen* v. *Muir*, 34 Ind. 310; and *Clark* v. *The Jeffersonville, etc., R. R. Co.*, 44 Ind. 248. In the latter case, the New York authorities are collected, from which the proposition is deduced, that the true test of the materiality of the averments sought to be struck out is to inquire whether such averments tend to constitute a cause of action or defence; and if they do, they are not irrelevant.

The paragraph was held good on demurrer, as has been stated, after the elision, but that did not enable the defendants to avail themselves of the usury which they attempted to set up in the paragraph. Indeed, after the elision, there does not appear to have been any substance left to the paragraph, unless the denial of the "residue of the note" be regarded as substance. The counsel for the appellee argue that the appellants were not injured by the ruling, because the paragraph was held good after the elision, and because

The Indianapolis Piano Manufacturing Co. *et al. v.* Caven.

they offered no proof under it. After the emasculation of the paragraph, there was no allegation of any new affirmative fact left, under which they could offer proof. What was said in the paragraph about the rate of interest stipulated for already appeared upon the face of the note, and was no new matter.

The striking out of the matter deprived the appellants of the right to introduce evidence which they might have offered had the matter not been struck out, and therefore injured them. The effect of the error in striking out will be considered further before closing this opinion.

As has been stated, when the cause was reached in its order for trial, neither the defendants nor their attorneys appearing, the cause was submitted to the court for trial of the issues joined. This is complained of as error. The failure of the defendants to appear upon the trial did not operate to withdraw their pleadings. The issues joined had to be tried and found for the plaintiff, before he became entitled to judgment. The appellants claim, as we gather from their brief, that it was irregular thus to submit the cause for trial, without having called and defaulted them, and that they had not in any manner waived their right to a trial by jury. The defendants could not have been defaulted as long as their pleadings were on file, and there was no error in proceeding with the trial without the formality of calling them. The cause was properly submitted to the court for trial without the intervention of a jury. The statute is express, that the trial by jury may be waived by the parties in all actions, by failing to appear at the trial. 2 G. & H. 207, sec. 340.

The appellants moved for a new trial, on the ground that the damages were excessive, and on another, which, if it entitled them to relief at all, would fall more properly under the provisions of the ninety-ninth section of the code as amended. See *Packer v. Burt*, 51 Ind. 588. We will proceed, however, to consider it.

The affidavit of one of the appellants was filed, showing a

partial defence. The affidavit of John Hanna, one of the attorneys for the defendant, was also filed, stating, in substance, that he had had the sole and exclusive management of the defence; that his partner had taken no part therein, and was wholly unadvised as to the defence or the proof to be offered in support thereof; that another cause had been on trial for some days in that court, and was given to the jury late in the evening of Dec. 31st, 1873; and thereupon the court announced that no court would be held on January 1st, 1874, for the trial of any causes; that the affiant residing at Greencastle, and desiring to spend New Year's day with his family, he announced to the court, and in the hearing of the counsel for the plaintiff, that he would go home on that night's train, and return on the morning train on the 2d of January, which regularly arrived at about 10 o'clock; that before the adjournment of the court on the evening of December 31st, he enquired of the court whether this cause would be the next cause for trial, and was informed that it would, as it stood next in order on the trial docket; and he thereupon said to the court that he would go home that night and return on the morning after New Year's, and that his train would get here at 10 o'clock, A. M., and that he would advise his clients to try the cause without a jury, and if they assented, he did not think it would take long to try it; that he went home, and returned on the morning of January 2d, and arrived at the court-house within a very few minutes after 10 o'clock, and was surprised to learn that in his absence, and in the absence of his clients, the cause had been submitted to the court, the plaintiff's evidence heard, and a finding rendered for the plaintiff; that immediately on learning these facts he called the attention of the court to the matter, and desired to offer evidence in support of the defence, which, the plaintiff objecting, the court declined to hear; that if he had had any reason to believe that the cause would be taken up before 10 o'clock, he would not have gone home, but would have remained and been present at the opening of the court at 9 o'clock; that it was not by

reason of any fault or negligence of his clients that the cause was tried in his and their absence; that he believes his clients have a just and legal defence to a part of the claim.

We have condensed this affidavit, but believe the foregoing statement contains all of it that is material.

The appellee, the plaintiff below, filed the affidavit of Jonathan W. Gordon, one of the counsel for the plaintiff, stating, in substance, that when the cause was called for trial, on January 2d, 1874, and before entering upon the trial, he sent a messenger to the office of Hanna & Knefler, attorneys for defendants, to notify them that the cause was called for trial; and in response to said notice, General Knefler sent word into the court room to affiant, that he would not come; that he has since been informed that Knefler refused to come because he had not studied the case and was not prepared to try it; that the affiant was unwilling to try the cause until the appellants' counsel should arrive, but was given to understand by the court that the cause had to be tried then or passed, and if passed it would not likely be called again at that term; that it was not until he was so informed, as he then understood, that he consented to go on with the trial.

It will be observed that Mr. Hanna knew that the cause was the first standing on the docket for trial on the morning of January 2d, 1874. He informed the court, on the evening of December 31st, that he was going home that night, and would return at about 10 o'clock on the morning of January 2d; and this was said in presence of counsel for the plaintiff; but it does not appear that the court stated to him, or that the counsel for the plaintiff agreed with him, that the cause should not be taken up before he returned. When he announced his purpose of going home, both the court and the counsel for the plaintiff may have well supposed that if he did not return before the cause was called for trial, his partner, General Knefler, would be present to go on with it. No advantage was sought to be taken by the plaintiff of the absence of Mr. Hanna. When the cause was called in its

order for trial, the plaintiff was required to go on with it, or it would be passed. In this there was no error; nor do we see that the discretion of the court has been abused. There is nothing in the affidavits that, in our opinion, entitles the appellants to any relief. *Packer* v. *Burt, supra.*

We recur again to the error committed in striking out the part of the fourth paragraph of the answer. If the appellants can be restored to all they lost in consequence of the error, they require nothing further. What they claimed under the matter struck out was a reduction of one-half the amount stipulated for as attorney's fees, reducing the same to five per cent. Five per cent., or one-half the amount stipulated for as attorney's fees, is all that could have been avoided under the pleading as it was framed, had the matter not been struck out. The legal effect of the note was to pay interest at the rate of ten per cent. per annum after maturity. *Yancy* v. *Teter,* 39 Ind. 305. The appellee, in the brief of his counsel, has offered to remit any amount in excess of what this court shall think he had a right to recover.

There was due on the note for principal and interest, at the date of the judgment, computing the interest from the maturity of the note, April 12th, 1872, the end of grace, the sum of one thousand nine hundred and seventy-one dollars and twenty-six cents, as we compute the interest, to which add five per cent. on that amount for attorney's fees, and we have the sum of two thousand and sixty-nine dollars and eighty-two cents as the amount due the plaintiff after making the deduction above mentioned. If the appellee shall remit, within sixty days, all of the judgment below, except the sum last above stated, and the costs below, as of the date of the judgment below, the judgment for the residue and for costs below will be affirmed, at the costs in this court of the appellee. Otherwise, the judgment below will be reversed, at the costs of the appellee, and the cause remanded for further proceedings.