JOSEPH et al. v. NEW ALBANY STEAM FORGE & ROLLING MILL CO.

(Circuit Court, D. Indiana.    November 1, 1892.)

No. 8,767.

1. SERVICE OF PROCESS—CONCLUSIVENESS OF RETURN—COLLATERAL ATTACK.
In Indiana, the return of the sheriff, showing that he has made service in the manner prescribed by the statute, is conclusive, as against a resident of the state, both as to facts in the personal knowledge of the officer and facts which he must ascertain from others; and such return cannot be impeached collaterally, for the purpose of quashing the service and return and ousting the court of jurisdiction, by showing that the facts stated in the return are untrue.

2. SAME—STATE STATUTES—RULES OF COURT.
The federal circuit court for the district of Indiana, having adopted the state statutes relating to service of process in actions at law, is bound by the statute, as construed by the supreme court of the state; and, as there ought to be no difference in the force and effect of the marshal's return in actions at law and suits in equity, a return to a subpoena in chancery, showing that service has been made in the manner required by the statute, is conclusive against a collateral attack.

In Equity.    Bill by Joseph Joseph and others against the New Albany Steam Forge & Rolling Mill Company.    On motion to quash the service and return.    Overruled.

C. L. & H. E. Jewett, for plaintiffs.
William A. Ketcham, for defendant.

BAKER, District Judge.    Suit by plaintiffs, citizens of the state of Ohio, against the defendant, a corporation organized and existing under the laws of the state of Indiana, and a citizen thereof, to foreclose a pledge of choses in action, and for other equitable relief.    A subpoena in chancery in this case was issued in due form to the marshal of this district, June 6, 1892, and he made return of his doings, indorsed on said writ, as follows:

"I received this writ at Indianapolis, in said district, at 12 o'clock M., June 6, 1892, and served the same as follows: I read this writ to and in the presence and hearing of John Marsh, agent of the within-named defendant, in custody of all its property and in charge of its office, and by leaving with said Marsh a true copy of this writ at the office of the defendant company, at New Albany, Indiana, June 13th, 1892.    The president, vice president, secretary, superintendent, manager, or any other superior officer or agent of said company, except John Marsh, not found.
                                        "William L. Dunlap, U. S. Marshal.
                                              "By James N. Payton, Dept."

The defendant moves to quash the service and return on the ground that said Marsh was not its agent, nor in its employ, at the time of, or since, the service of the writ as aforesaid.    This motion is supported by the affidavit of John Marsh, who deposes that he was not the agent, nor in any manner in the employ, of the defendant, when the writ was served.    This affidavit is controverted in some of its statements by the counter affidavit of the deputy marshal who executed the writ.    If required to dispose of the motion on the return and affidavits, I should feel great hesitancy in quashing the service

and return of a sworn officer, on the showing made. I think, however, the motion must be overruled on other grounds.

1. Whatever may be the rule in other states in regard to the effect of the return of an officer in executing mesne or final process, I think it the settled law in this state that the return of a sheriff showing that he has served the writ in the manner prescribed by the statute, for the purpose of giving the court jurisdiction, is conclusive against a collateral attack. Smith v. Noe, 30 Ind. 117; Rowell v. Klein, 44 Ind. 290; Splahn v. Gillespie, 48 Ind. 397; Johnson v. Patterson, 59 Ind. 237; Stockton v. Stockton, Id. 574; Hite v. Fisher, 76 Ind. 231; Hume v. Conduitt, Id. 598; Birch v. Frantz, 77 Ind. 199; Johnson, etc., Co. v. Bartley, 81 Ind. 406; Coan v. Clow, 83 Ind. 417; Krug v. Davis, 85 Ind. 309; Nichols v. Nichols, 96 Ind. 433; Nietert v. Trentman, 104 Ind. 390, 4 N. E. Rep. 306. It is argued that while the return may be conclusive, for the purpose of conferring jurisdiction, where the facts stated in the return are within the personal knowledge of the officer, it ought not to have such conclusive effect where the facts stated in such return presumably rest upon information derived from others. In my opinion, where the facts stated in the return are such as the law requires the officer to ascertain and return under his oath of office, the manner in which he has ascertained the facts is immaterial. In every instance of the personal service of process, the officer must determine that the person served is the identical person named in his writ. So, where service is made by copy left at the defendant's last and usual place of residence, the officer must determine the identity of the party, and that the place where the copy is left is the last and usual place of residence of such party. The law has imposed the duty of ascertaining these facts upon the sheriff, and whether he finds and returns the facts from personal knowledge, or otherwise it makes no difference in the rule of law. Splahn v. Gillespie, 48 Ind. 397; Hite v. Fisher, 76 Ind. 231. If it were open to a party to contradict the sheriff's return collaterally, in every case where the facts returned by him did not lie within his personal knowledge, it would open the door to endless conflict and confusion. The law in this state is firmly settled that the facts which the sheriff is required by law to ascertain and return in obedience to his writ, when so ascertained and returned by him, cannot be impeached collaterally, by a resident of the state, for the purpose of quashing the service and return and ousting the court of jurisdiction, by showing that the facts exhibited in the return are untrue. If the facts were falsely returned by the officer, knowingly or corruptly, with the privity or consent of the plaintiff, or if the party was a nonresident of the state, a different rule of law might apply; but, as no such case is here presented, it is not necessary to express an opinion on the question.

2. It is not necessary to determine what the rule of law touching the question under consideration may be in other jurisdictions. This court has, by rule, adopted the statute of this state in regard to the service of process in actions at law; and therefore the statute of this state, as interpreted by its highest judicial tribunal, must rule the question in actions at law in this court. There ought to be no different rule as to the force and effect of the marshal's return in

actions at law and in suits in equity. Whenever the facts exhibited in the return of the marshal to a summons in an action at law cannot be impeached collaterally, the same facts exhibited in the return to a subpoena in chancery are conclusive against a collateral attack. Neither reason nor authority would tolerate any distinction as to the force and effect of a return to a summons in an action at law and the force and effect of a like return to a subpoena in chancery.

The motion must be overruled, and it is so ordered.