Nov. Term, 1840.

HAMILTON
v.
MATLOCK.

---

*Thursday, November* 26.

---

## HAMILTON v. MATLOCK.

In the case of a *scire facias* to have execution against real estate on the transcript of a justice's judgment, &c., the defendant cannot question the truth of the constable's return of " no property " to the execution.

If the proceeding in such case be under the statute respecting justices of the peace, (R. S. 1838, p. 375,) the transcript must be filed, but need not be recorded, by the clerk of the Circuit Court, before the issuing of the *scire facias.*

APPEAL from the *Hendricks* Circuit Court.

BLACKFORD, J.—*Scire facias* in favour of *Matlock* on the transcript of a justice's judgment, &c. filed in the Circuit Court, to have execution against real estate. There are five

*Thursday, November* 26.

pleas; 1. No recovery before the justice; 2. and 3. No transcript of the recovery on file and of record in the Circuit Court; 4. The return of "no property" to. the execution is false; 5. The defendant had sufficient goods, and the plaintiff, by collusion with the constable, fraudulently procured the false return of "no property." The 4th plea was rejected on the plaintiff's motion; and issues were joined on the others. The parties submitted the cause to the Court. On the trial, the plaintiff proved the recovery before the justice, and a return of "no property" to the execution; he also proved that a transcript of the judgment and proceedings before the justice had been duly filed in the Circuit Court; which was all the evidence in the cause. The Court awarded an execution.

The rejecting of the 4th plea is assigned for error. The defendant could not, in this suit, question the truth of the constable's return to the execution (1). His remedy for a false return is against the constable. He says, however, that the plea, if bad, should have been demurred to. But were it admitted that a demurrer would have been proper, the motion should have been objected to on that ground, when it was made. The objection comes too late now.

The defendant contends that the transcript should have been *recorded* in the Circuit Court. The statute, however, under which this proceeding took place, only requires the transcript to be *filed* by the clerk of that Court. R. S. 1838, p. 375.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*C. C. Nave,* for the appellant.

*H. Brown,* for the appellee.

(1) Vide *Burger et al.* v. *Becket,* Vol. 6 of these Rep. 61.—*Remington* v. *Henry,* Id. 63.