## BENNETT v. JONES and Another.

*Scire facias* to have execution in the Circuit Court on a justice's transcript. The writ alleged the recovery of a judgment by the plaintiff against the defendant before a justice of the peace for a certain sum, the issuing of a *fieri facias* on the judgment, and a return of the execution *nulla bona.* It stated, also, that the justice afterwards filed in the Circuit Court a certified transcript of the judgment and proceedings, and that the transcript was recorded and filed in that Court. *Held,* that the averment that the transcript had been recorded was immaterial; that a plea, therefore, denying that the transcript had been filed *and recorded* was bad; and that the plea should have denied only so much of the averment as states that the transcript had been filed.

The defendant cannot, in such case, deny the truth of the constable's return of *nulla bona.*

If the transcript of the justice in such case states, that the writ in the suit was returned by the constable as served on the defendant, that statement is, at all events, *prima facie* evidence of the due service of the writ.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—*Scire facias* by *Jones* and another against *Bennett* to have execution, in the Circuit Court, against real estate on a justice's transcript.

The writ alleges the recovery of a judgment by the plaintiffs against the defendant before a justice of the peace for a certain sum, the issuing of a *fieri facias* on the judgment, and the return of the execution *nulla bona.* It states, also, that the justice afterwards filed, in the Circuit Court, a certified transcript of the judgment and proceedings, and that the transcript was recorded and filed in that Court.

Pleas in bar as follows: 1. No such judgment as alleged; 2. No notice of the suit before the justice; 3. The justice's transcript was not filed and recorded in the Circuit Court; 4. No such transcript as alleged remains of record in the Circuit Court; 5. No execution was issued on the judgment; 6. No return of *nulla bona* to the execution; 7. The defendant had goods sufficient to satisfy the execution.

The third, fourth, and seventh pleas were demurred to, and the demurrers sustained. To the other pleas, replications were filed in affirmance of the allegations denied by those pleas. The cause was submitted to the Court, and judgment rendered for the plaintiffs.

We think the third plea is bad. The execution having been issued by the justice, and returned *nulla bona*, before the filing of the transcript, as shown by the *scire facias*, it was not necessary to have the transcript recorded. R. S. 1838, p. 375. *Hamilton* v. *Matlock*, 5 Blackf. 421. The averment in the *scire facias*, therefore, that the transcript had been recorded, was an immaterial averment, and the plea should not have noticed it. The traverse of the averment that the transcript had been filed and recorded is too large; it should have been only of so much of the averment as states that the transcript had been filed.

The fourth plea is in denial of an immaterial averment, and the demurrer to it was correctly sustained.

The seventh plea is also bad. We have heretofore held that, in a suit like this, the truth of the constable's return cannot be denied. *Hamilton* v. *Matlock, Supra.*

The judgment on the merits is objected to on the ground that the justice's judgment was by default, and that there is no sufficient evidence that the defendant had notice of the suit. The answer to this objection is, that the transcript of the justice given in evidence expressly states, that the writ was returned by the constable as served on the defendant. That statement must be considered, at all events, *prima facie* evidence of the due service of the writ.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*J. B. Sleeth*, for the plaintiff.

*J. S. Reid*, for the defendants.