Nov. Term, 1844.

GREEN
v.
WHITE.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*Monday,*
*November 25.*

---

### GREEN and Others v. WHITE.

A purchaser of real estate, *pendente lite*, will be bound by the decree.

*Tuesday,*
*November 26.*

APPEAL from the *Clark* Circuit Court.

SULLIVAN, J.—This was an original bill by *White*, in the nature of a supplemental bill, in which the complainant states

Nov. Term, 1844.

GREEN
v.
WHITE.

that *Green* was indebted to him in the sum of 150 dollars, and, to secure the payment of it, mortgaged to him all his interest in two lots of ground in the town of *Jeffersonville*, known and distinguished as lots numbered 9 and 10, in square numbered 177; that *Green* having failed to pay the said sum of 150 dollars, the complainant filed a bill in the *Clark* Circuit Court against *Green* and *The Jeffersonville Association* to foreclose the mortgage; and such proceedings were had thereon that afterwards, &c., a decree was entered according to the prayer of the bill; that the legal title to the lots so mortgaged was in a corporation known by the name of *The Jeffersonville Association*, but the equitable title was in *Green*; that during the pendency of the suit to foreclose, *Green* fraudulently sold and assigned all his interest in said lots to one *Adam Holt*, who had full notice of complainant's equity; and that *Holt* has obtained from *The Jeffersonville Association* the legal title to the lots by the description of lots numbered 9 and 10 in square 28 in the town of *Jeffersonville*, which the complainant alleges to be the same lots previously mortgaged to him. *Green*, *Holt*, and *The Jeffersonville Association* are made defendants to the bill, and the prayer is that the deed to *Holt* may be declared fraudulent, and that the lots be sold to pay the debt due to him from *Green* according to the original decree. *The Jeffersonville Association* and *Holt* answered the bill, and denied, in express terms, notice of the mortgage by *Green* to the complainant. *Green* failed to answer, and the bill, as to him, was taken as confessed. The Court decreed for the complainant.

The plaintiffs in error contend that the decree is not sustained by the testimony in the cause. It is not necessary to advert to any part of the testimony, except that which relates to the purchase of *Green's* interest in the lots by *Holt* during the pendency of the complainant's bill to foreclose. It appears that *Holt* purchased from *Green* on the 17th of *September*, 1839, and obtained a deed from *The Jeffersonville Association* on the 5th of *October* following. The bill to foreclose was filed on the 30th of *August*, 1839, and subpœna served on the 2d of *September*, 1839, and at the *November* term, 1839, a decree directing the defendant to pay, &c., was entered.

The principle is now too well settled to be even doubted,

that a *lis pendens*, duly prosecuted, is notice to a purchaser, so as to affect and bind his interest by the decree. In *Worsley* v. *The Earl of Scarborough*, 3 Atk. 392, it is said that all people are supposed to be attentive to what passes in a Court of justice, and it is to prevent a greater mischief that would arise by people's purchasing a right under litigation and then in contest, that this principle has been established. See also 2 Sugd. Vend. 281. A purchase of a right which is undergoing a judicial investigation is a fraud upon the plaintiff, and is so far considered a nullity that it cannot avail against his title. *Murray et al.* v. *Lylburn*, 2 J. Ch. R. 441.

It is proved that the lots mortgaged by *Green* to *White* are the same that were sold by the former to *Holt*, and conveyed to *Holt* by *The Jeffersonville Association*. We are, therefore, of opinion that there is no error in the decree of the Circuit Court.

*Per Curiam.*—The decree is affirmed, with 3 *per cent.* damages and costs.

*J. G. Marshall*, for the appellants.

*S. C. Stevens*, for the appellee.