### HARLOCK *v.* BARNHIZER and Others.

MORTGAGE.—*Redemption.*—A mortgage of real estate executed and recorded after a decree of foreclosure on a former mortgage, but before sale under such decree, does not give the junior mortgagee the right to redeem.

SAME.—Suit by a junior mortgagee to redeem the mortgaged premises from a sale under a decree of foreclosure on a prior mortgage, to which decree the junior mortgagee, whose mortgage was unrecorded, was not a party. The complaint did not aver that the holder of the senior mortgage had notice of the unrecorded mortgage, or that the purchaser had such notice.

*Held,* that the complaint was bad on demurrer.

APPEAL from the Hamilton Circuit Court.

GREGORY, J.—The appellant filed his complaint against the appellees, in which he seeks as junior mortgagee to redeem the mortgage premises from a sale thereof under a decree of foreclosure of the equity of redemption on a prior mortgage. The appellant was not a party to the decree. He held an unrecorded mortgage at the commencement of the foreclosure suit. After the decree, but before the sale, the mortgagor executed to the appellant a second mortgage on the premises sought to be redeemed, which mortgage was duly recorded before the sale. The wife of the mortgagor joined in the execution of each mortgage, but she was not a party to the decree of foreclosure. There is no allegation that the holder of the senior mortgage had notice of the unrecorded mortgage, nor is there any averment that the purchaser had any such notice. The court below sustained a demurrer to the complaint, and this is the alleged error complained of. The only question argued by counsel, and the only one considered by this court, is this: Had the appellant the right to redeem? It is claimed that the fact that the second mortgage was recorded before the sale gave the right.

The second mortgage was executed pending the proceedings to foreclose on the senior mortgage. It is a well established rule, that purchasers during the pendency of a suit are bound by the decree in the suit without being made

parties. *Kern* v. *Hazelrigg,* 11 Ind. 443; *Green* v. *White,* 7 Blackf. 242.

The rights of the purchaser of the mortgage premises under the decree could not be affected by the unrecorded mortgage of which he had no notice.

We have not considered the question of the right of the appellant growing out of the fact that the wife was not a party to the decree. The power of the wife to convey or mortgage her inchoate right in the lands of her husband during his life, except by way of estoppel, presents a question of too much magnitude to be considered in the absence of argument.

The court below committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.

*A. F. Shirts,* for appellant.

*J. W. Evans,* for appellees.