Holmes and Another *v.* Bybee and Another.

Mortgage.— *Foreclosure.— Judgment Lien.— Redemption.—Act of* 1861.— Where a mortgage on real estate is foreclosed, and the property is sold under the decree, there being, at the commencement of the suit, a judgment lien on said real estate junior to said mortgage, and the judgment creditor not being a party to the foreclosure suit, his rights are not affected by the foreclosure and sale, and the provisions of the redemption law of June 4th, 1861 (2 G. & H. 251), do not apply to him or affect him as to such sale; an execution issued on said judgment before the expiration of the statutory lien of the same, and after the expiration of one year from said sale, the property not having been redeemed, and a deed therefore having been executed by the sheriff to the purchaser, may be levied upon said real estate, and the same may be sold thereunder, subject to said mortgage as if it had not been foreclosed.

Same.— *Junior Mortgage.*—Under circumstances similar to these, the rights of a junior mortgage creditor would be essentially the same as those of a junior judgment creditor.

Statute Construed.—*Redemption Law of* 1861.—The redemption law of June 4th, 1861 (2 G. & H. 251), does not cut off or affect any right of redemption existing by the general principles of law and held by one not a party to the judgment, decree, or other judicial proceeding on which a sale of real estate has been made.

APPEAL from the Kosciusko Circuit Court.

Worden, J.—Complaint by the appellees against the appellants, to enjoin the sale of certain real estate on execution.

Demurrer to the complaint overruled, and exception. Final judgment for the plaintiffs below.

The following are the facts stated in the complaint. On the 8th of July, 1866, Jacob Bybee, then the owner of the

land mentioned in the complaint and lying in said county of Kosciusko, executed a mortgage thereon to Washington Bybee, one of the appellees, to secure the payment of the sum of five thousand two hundred and ninety-three dollars and thirty-six cents. On the 2d day of November, 1866, Washington Bybee commenced a suit in the Kosciusko Circuit Court, to foreclose said mortgage, and at the May term of said court, 1867, he obtained a decree of foreclosure. An execution was issued upon the decree, and the premises were sold by virtue thereof, on the 15th of June, 1867, the said Washington becoming the purchaser, at the sum of five thousand seven hundred and fifty dollars. At the expiration of a year from the time of the sale, the property not having been redeemed, a deed was executed by the sheriff for the premises, to said Washington Bybee, who afterwards conveyed a portion of the premises to the other appellee, George W. Harlan.

At the September term of the Kosciusko Circuit Court, 1866, the appellants, Holmes and Pfeifer, recovered a judgment in that court against Jacob Bybee, for the sum of thirteen hundred and eighty-one dollars and seventy cents, and in November, 1868, caused an execution to be issued thereon and levied upon the property thus mortgaged and sold under the decree. The complaint seeks to enjoin the sale under the execution, as it would cast a cloud upon the plaintiffs' title. Holmes and Pfeifer were not made parties to the foreclosure suit, and the only question presented is, whether, on the facts stated, the sale was properly enjoined.

The question naturally suggests itself, what is there in the facts stated, that precludes Holmes and Pfeifer from levying their execution upon the land in question, and selling it, subject, however, to whatever rights Washington Bybee acquired by his purchase?

We will consider the case, first, without any reference to the redemption law of June 4th, 1861, and then determine how that act affects it, if at all.

The judgment of the appellants was a lien on the land for

the space of ten years from the time it was rendered.  2 G. & H. 264, sec. 527.  An equity of redemption may be levied upon and sold on execution.  *Id.* 263, sec. 526.  Lands levied on may be sold subject to liens and incumbrances. *Id.* 244, sec. 452.

There can be no doubt that, if Washington Bybee's mortgage had not been foreclosed, and the land sold, Holmes and Pfeifer might have levied their execution upon the land and have sold it, subject, of course, to the mortgage.

Are their rights changed by the foreclosure?  It has been held in two cases, at least, in this court, that the rights of a junior mortgagee are in no way affected by the foreclosure of a senior mortgage, where the junior mortgagee was not made a party to the proceedings.  *Proctor* v. *Baker*, 15 Ind. 178; *Murdock* v. *Ford*, 17 Ind. 52.  We have no doubt of the soundness of this doctrine.  It is argued, however, that the doctrine is not applied to a junior judgment creditor, because his is a general lien on all the defendant's real estate in the county, and not a specific lien upon any particular property.  A judgment creditor has a lien as absolute on all the real estate of the defendant in the county as the mortgage creditor has upon the particular property mortgaged; and no good reason has been given why he should not be made a party to a bill to foreclose a prior mortgage, as well as a junior mortgagee.  We think a junior judgment creditor and a junior mortgage creditor stand, in this respect, upon essentially the same ground

And this is in accordance with the authorities.  Says Chancellor KENT, "When the mortgagee proceeds by bill to foreclose, he must make all incumbrancers, existing at the filing of the bill (and which, of course, includes the junior, as well as the prior incumbrancers) parties, in order to prevent a multiplicity of suits, and that the proceeds of the mortgaged estate may be duly distributed; and the incumbrancers who are not parties will not be bound by the decree.  The reason of the rule requiring all the incumbrancers, subsequent as well as prior to the plaintiff, to be made parties, is to give

security and stability to the purchaser's title; for he takes a title only as against the parties to the suit, and it cannot and ought not to be set up against the subsisting equity of those incumbrancers who are not parties." 4 Kent Com. (11th ed.) 210, 211. See, also, *Brainard* v. *Cooper*, 10 N. Y. 356, and authorities there cited. Indeed, it may be stated, as a principle of universal jurisprudence, that no person is bound by the proceedings or judgment of any court to which he is not a party. We have seen, by the statement of the case, that the appellants' judgment was rendered before the commencement of the foreclosure suit. Had their judgment been rendered after the commencement of that suit, they might have been deemed incumbrancers *pendente lite*, and bound by the judgment. *Harlock* v. *Barnhizer*, 30 Ind. 370. But as their lien accrued before the foreclosure suit was commenced, and as they were not parties thereto, the mortgage stands, as to them, precisely as if it had not been foreclosed, and as if there had been no sale made under the foreclosure. It is urged by counsel for the appellees, that the appellants, if not barred entirely, were bound to redeem the property before they could sell upon their execution. This argument would be worthy of consideration, if, as to the appellants, there had been any foreclosure and sale; but as there has not, they have the plain statutory right of levying upon and selling the equity of redemption. Again, the question is put by way of argument, what will the appellants sell if they proceed with their execution, inasmuch as the equity of redemption has already been sold? This question assumes that, as against the appellants, the equity of redemption has been sold, while we think, quite clearly, it has not. As against Jacob Bybee, the mortgagor, who, we suppose, was a party, the equity of redemption has been sold undoubtedly; but it does not therefore follow, that as against the appellants it has been sold, any more than it would follow, if the appellants had been made parties, and the mortgagor had not, that the equity of redemption would have been sold as against the mortgagor.

Had Jacob Bybee not been made a party, no one would contend that his equity of redemption would have been divested by the proceedings. As against Jacob Bybee, the appellees have the title; but as against the appellants, they have nothing but the mortgage.

We are of opinion that unless the case is affected by the redemption law before mentioned, the appellants have the right to levy their execution upon the land in question, and sell the same, subject, of course, to the mortgage, in the same manner as if the mortgage had not been foreclosed. The statute in question we have set out in full, for convenience of future reference. It is found in 2 G. & H. 251.

"An act providing for the redemption of real property, or any interest therein, sold on execution or order of sale, and providing for the issuing of certificates of purchase in such cases, and for the execution of conveyances, and repealing all laws in conflict therewith. (Approved June 4, 1861.)

"Section 1. *Be it enacted by the General Assembly of the State of Indiana,* That whenever, hereafter, any real property or any interest therein shall be sold on any execution or order of sale issued upon any judgment, decree or other judicial proceeding within this State, the owner thereof, his heirs, executors, administrators, or any mortgagee or judgment creditor having a lien upon the same may redeem such real property or interest therein, at any time within one year from the date of such sale by paying to the purchaser, his heirs or assigns, or the clerk of the court from which such execution or order of sale was issued for the use of said purchaser, his heirs or assigns, the purchase-money, with interest thereon at the rate of ten per cent. per annum.

"SEC. 2. Upon payment of the purchase-money, the sheriff or other officer making such sale shall issue to the purchaser a certificate, showing the court in which the judgment or decree was rendered, the parties to the action, the date of the sale, the name of the purchaser, the amount of the purchase-money, and a description of the premises sold, which certificate shall entitle the holder thereof to a deed of con-

veyance, to be executed by the officer making the sale at the expiration of one year from the date of such sale, if the property shall not have been previously redeemed. The judgment debtor shall be entitled to the possession of the premises for one year after the sale, and in case they are not re-- deemed at the end of the year as provided in this act, he shall be liable to the purchaser for their reasonable rents and profits.

"Sec. 3. When any mortgagee or judgment creditor shall redeem any real property or interest therein under the provisions of this act, such mortgagee or judgment creditor shall retain a lein on the premises for the amount of money so paid for redemption against the owner and any junior incumbrancer.

"Sec. 4. All laws and parts of laws coming in conflict with any of the provisions of this act, be and the same are hereby repealed; and, whereas, an emergency exists for the immediate taking effect of this act, therefore the same shall take effect and be in force from and after its passage."

This statute confers a new right upon the owner of the property sold, his heirs, executors, or administrators; inasmuch as before the passage thereof no right of redemption existed as to them, unless it was conferred by section four hundred and fifty-two of the code, above cited, a point that need not now be decided. It also confers upon "any mortgagee or judgment creditor having a lien upon" the property sold, the right to redeem within the year on the terms provided for.

Upon an examination of the provisions of this statute, we are of opinion that it does not cut off or affect any right of redemption existing by the general principles of law, and held by one who was not a party to the "judgment, decree, or other judicial proceeding" on which the sale was made. There is nothing in the terms of the statute that requires such construction; and on general principles, a statute will not be so construed as to deprive a party of his "day in court," unless its terms imperatively demand such construc-

tion, admitting the power of the legislature to pass such stat-
ute.    There is no more reason for concluding an incum-
brancer by a proceeding to which he is not a party than
there would be in concluding the owner of the equity of re-
demption by such a proceeding.   If a mortgage were to be
foreclosed without making the owner of the equity of re-
demption a party, the proceeding, as to him, would be a nul-
lity; and he could redeem the mortgage after the expiration
of the year, and at any time before being barred in some
other way; and the reason applies as strongly to him who
has a lien upon the equity of redemption as to him who is
the owner thereof.

The statute can have full force without such construction.
Where there are successive judgments, without mortgage,
and the property is sold on the junior, the holder of the se-
nior judgment need not redeem at all, for such sale in no
way impairs the prior lien of the senior judgment; but if
the property is sold on the senior judgment, then the holder
of the junior judgment may redeem as provided for.

Again, suppose there are three judgments, and a sale is
made on the intermediate one; such sale would not affect
the lien of the oldest judgment, on which the land might
be again sold at any time before the expiration of the lien,
but the holder of the youngest judgment might redeem un-
der the statute; but having done so, he acquires no right
that would affect the lien of the oldest judgment.   By his
redemption he acquires a lien only against the owner and
"any junior incumbrancer."

In case of a sale on several executions, in the hands of the
sheriff at the time of the sale, issued upon judgments which
are liens upon the property sold, it may be doubtful whether
either one of the judgment creditors could redeem, inasmuch
as the proceeds of the sale would have to be paid in the order
of the priority of the liens, and the sale might be said to be
made upon one execution as much as another.   This point,
however, we do not decide.

In case of a sale on foreclosure of a mortgage, where

prior or subsequent incumbrancers, by judgment or mortgage, are made parties, and set up their respective claims, and procure an order for the payment of the proceeds of the sale to the respective parties according to their priorities, it may be doubtful whether any of them could redeem, because they would, in some sense, be redeeming their own sales. This point is not decided, but simply suggested.

Finally, in case of a sale on foreclosure, where subsequent incumbrancers, by judgment or mortgage (and possibly prior ones), are made parties, but fail. to set up their claims and procure the order for payment according to priorities; such incumbrancers, we think, come within the letter and spirit of the statute, and may redeem according to its terms, and not otherwise. They have had their day in court; the proceedings against them, therefore, are valid, and they may have such redemption as the statutes provides, and none other.

There may be other cases put, where redemption could be had under the statute. It has not been so much our design, in this opinion, to anticipate cases, or enumerate all the instances in which redemption may be had under the statute, as to show that it may have full effect without so applying it as to cut off the right of redemption without notice or warning to the party interested.

The statute in question ought not, in our opinion, to be construed as a general limitation law, cutting off all rights of redemption after the expiration of a year from the sale. Statutes may well limit the time within which an action shall be brought, or a right asserted, after it accrues, because the party having the cause of action or the right knows, or is supposed to know, when it accrued; and, consequently, he knows when the statute begins to run, and when he will be barred. Under our statute, if a party liable to an action conceal the fact from the knowledge of the party entitled thereto, the statute does not begin to run against the latter. until he makes the discovery.

If the statute under consideration were to be construed as

a general limitation law, and operating against all persons, whether parties or not, then the anomaly would be presented of a person being barred of a right, by limitation, without any knowledge whatever of the happening of the event that put the statute in operation against him. Before he has any knowledge that any statute of limitation is running against him, it has run its course, and he finds his right cut off.

The intention to work such results cannot be fairly imputed to the legislature in the passage of the law in question.

In the case before us, the appellants not having been made parties to the foreclosure suit, and being, for that reason, in no manner bound by the judgment in the cause, and the equity of redemption, as to them, being still in Jacob Bybee, they may sell said equity of redemption on their execution, and the purchaser may, of course, redeem the mortgage.

The demurrer to the complaint should have been sustained.

The judgment below is reversed, with costs, and the cause is remanded, with instructions to the court below to proceed in accordance with this opinion.

PETTIT, C. J., (dissenting).—If A. has a mortgage on the lands of B., and afterwards C. obtains a judgment at law against B. and rests without execution till A. forecloses his mortgage, and has the land sold on the decree, and becomes the purchaser, taking the sheriff's certificate for a deed at the end of one year, unless sooner redeemed; and the year expires without redemption, and the deed is made, and afterwards C. takes out an execution on his judgment, has it levied on the land, and is about to sell it; can A. enjoin C. and the sheriff from making the sale? This is the only question in this case. It is known and conceded by the bench and bar, not only in this State, but in our sister states and in England, as an almost, if not quite, universal rule at common law, and by statute in this State till June 4th, 1861, that an injunction in such case would not be granted, and that the execution plaintiff might proceed to sell the land.

On this point the cases are too numerous, and the doc-

trine too universal, uniform, and well settled, to require or justify citation of authority. But I am to enquire what is the effect of our statute of June 4th, 1861, on this subject, recited in the opinion of my brethren.

The argument of counsel on both sides, in their briefs, has been able and exhaustive of the subject, and of all collateral questions connected with it, exhibiting great research and learning; but I do not deem it my duty, nor is it necessary for a proper solution of the question, that I should critically examine the authorities cited as to what the law *was* as to the right of incumbrancers in such a case; but it is my duty to say what the law *is* on the subject; and I do not think there is room for serious doubt as to it. I have stated what the law was before the act of June 4th, 1861, and I have to add that it was competent for the legislature to make a new limitation within which incumbrancers in such cases should assert their rights, provided a reasonable time was given, and I think a year was not an unreasonable time; and it was equally competent and within the law-making power and department of the state government, to repeal the common law and former statute law, and make an entirely new one on the subject. This the legislature has done in so clear and unambiguous a manner, that I think I do not mistake its meaning. The incumbrancer had one year after the sale of the land to redeem in, and no more, and having failed to do so in the mode prescribed, his remedy is gone. There is no use of discussing the former difference between law and equity with us, for our system is all law and all equity—all equity and all law.

The judgment and decree of the court below ought, in my judgment, to be affirmed.

*L. M. Ninde* and *R. S. Taylor*, for appellants.

*G. W. Frazier* and *D. D. Pratt*, for appellees.