# IN GENERAL TERM, 1873.

LEWIS W. HASSELMAN AND ORAMEL F. WATSON, Appellants,

*v.* SIMON YANDES, JAMES H. MCKERNAN AND

WINSLOW S. PIERCE.

RECORD—*relation of assignee to—*

LIEN—*holder of, with what chargeable—*

PARTIES—*to proceedings of foreclosure—*

ASSIGNEE—*known and unknown to record.*

Hasselman and Watson *v.* Yandes, McKernan and Pierce.

A party holding a secret, or unknown lien, or the unknown assignee of a known lien on mortgaged property, is chargeable with such diligence as will bring home notice of his lien to the holder of the older mortgage, and a purchaser under a senior mortgage will not be effected by such lien.

The rule that all junior incumbrancers must be made parties to the proceedings of foreclosure, or their rights to redeem will not be barred, extends to such incumbrancers as are shown of record, or of which the party seeking a foreclosure has notice.

The assignee of a junior mortgage cannot redeem from a purchaser under a senior mortgage, who has had no notice of such assignment, nor is such purchaser effected by the fact that such unknown assignee was not made a party to the proceedings of foreclosure, for the purchaser is chargeable only with notice of what may be shown of record.

*Porter, Harrison & Hines,* for appellants.

RAND, J.—This was a suit in which the plaintiffs seek, as holders of a junior mortgage, to redeem certain real estate in the complaint described, which is held by defendants under a Sheriff's deed, by' foreclosure, and sale of the real estate under an older mortgage. The Court at Special Term sustained a demurrer to the complaint, and rendered judgment for defendants, and plaintiffs have prosecuted this appeal and seek a reversal of the judgment.

The complaint states that one Matthew B. Tilberry was, on the 21st day of January, 1866, the owner of the real estate in controversy, and on that day he mortgaged it to the defendants Yandes, McKernan and Pierce, to secure a debt to them. Afterwards Tilberry conveyed said real estate, and by several *mesne* conveyances, the title was on the 23d day of March, 1867, vested in one Henry Weber, and on that day he mortgaged it to one Thomas Brooker to secure several notes he owed him; that on the 15th day of April, 1867, said Brooker endorsed said notes and mortgage to plaintiffs, and that they ever since have been the owners thereof; that afterwards, to wit: on the 6th day of May, 1868, said Yandes, McKernan and Pierce, instituted a suit

in the Marion Common Pleas Court against Matthew B. Tilberry and Caroline Tilberry, his wife; Henry Weber and Thomas Brooker, seeking to foreclose their said mortgage, and such proceedings were had therein, that a decree of foreclosure and sale was rendered, and afterwards, to wit: on the 18th of June, 1869, the Sheriff of Marion County sold said real estate under said decree, and said Yandes, McKernan and Pierce became the purchasers thereof for the amount of their debt, and have received a Sheriff's deed for said real estate. It is further stated that these plaintiffs were not made parties to said suit, and had no notice of it.

It is further alleged that plaintiffs foreclosed the mortgage endorsed to them by Brooker, but that they did not make Yandes, McKernan and Pierce, parties, because they were *senior* incumbrancers and not necessary parties; and that said real estate was sold by the Sheriff under this decree, and they purchased the same in satisfaction of their said mortgage debt, and that they now hold this Sheriff's deed therefor; that they tendered to defendants the amount of their mortgage, interest and costs, and demanded a redemption of said real estate from said Sheriff's sale under Yandes, McKernan and Pierce mortgage and decree, but that said Yandes, McKernan and Pierce denied the plaintiffs' right to redeem, and therefore plaintiffs institute this suit and bring the money tendered into Court, and pray that they be permitted to redeem, &c.

Copies of the notes and mortgage are made part of the complaint, but they do not show that they have been endorsed or assigned. There is no allegation in the complaint that the mortgage was assigned on the record in the Recorder's office, or that the defendants were notified that the plaintiffs were the holders of the notes and mortgage.

We have statutes authorizing the recording of mortgages and when recorded they are notice to all parties interested.

Hesselman and Watson *v.* Yandes, McKernan and Pierce.

We have no statute authorizing the recording of the assignment of mortgages, and if recorded, that it shall be notice to all interested parties.

We have a statute which says: " The recording of the assignment of a mortgage shall not be deemed, of itself, notice to a mortgagor, his heirs, or personal representatives, so as to invalidate any payment made by them to the mortgagee, or any assignee, before actual notice of such assignment. 2 G. & H.; 356.

The question presented by the record is, can the assignee of a junior mortgage, *redeem* from the purchaser at Sheriff's sale, under a decree of foreclosure of an older mortgage, when said junior mortgage has been assigned before the institution of the suit to foreclose the older mortgage, and said assignee was not made a party, and when there was no assignment of record, and the holder of the senior had no notice of the assignment of the junior mortgage ; and where the junior mortgagor himself was made a party thereto ?

It is a general rule that all junior incumbrancers must be made parties to the proceedings of foreclosure, or their rights to redeem will not be barred.

But we apprehend that this rule extends to such incumbrances as are shown of record, or of which the party, seeking a foreclosure, has notice.

There is another general rule that purchasers, without notice, shall not be affected by a secret or unknown lien.

We have been referred to the cases of *Godfrey* v. *Chadwell*, 2 *Vernon*, 601, and *Mount* v. *Weston, same*, 663, as establishing the doctrine that a junior incumbrancer may redeem from a forclosure of a prior mortage, if not made party, although the party foreclosing had no notice of such junior incumbrance.

In England at that time there were no registry laws, and a foreclosure there was not followed by a sale to pay the

mortgaged debt, but the party took the whole estate mort-
gaged in satisfaction of the mortgage debt.   *Cases would
doubtless frequently arise in which a valuable estate would be
sacrificed in payment of a debt much less than the true value
of the estate,* and Courts there have extended the rights to
redeem to its utmost limits.

We have also been referred to the case of *Swift* v. *Edson,*
5 *Conn.,* 531.   We find that in Connecticut a foreclosure
of the mortgage gives the estate to the mortgagee.   Indeed
the practice has always been very liberal in opening decrees
of foreclosure when such foreclosure vests the estate in the
mortgagee without sale.

In this State, in all foreclosures, the property mortgaged
must be sold by the Sheriff to satisfy the mortgage debt, and
if such sales were liable to be redeemed by a party holding
some secret or unknown lien, it would have a serious ten-
dency to impair the value of mortgage securities, and seri-
ously injure the mortgagor and mortgagee, as property would
not sell for its value if liable to be redeemed by parties hold-
ing secret liens.

Our own Supreme Court seem to have taken this view in
the case of *Harlock* v. *Barnhizer,* 30 *Ind.,* 370.

In this case Harlock held a *junior unrecorded* mortgage at
the time Barnhizer instituted his suit to foreclose his *senior*
mortgage, but had *no notice* of Harlock's *unrecorded junior*
mortgage.   During the pendency of the foreclosure suit, Har-
lock took a *second* mortgage on the mortgaged premises.
After the sale of the mortgaged premises under the decree
of foreclosure of the senior mortgage, Harlock brings his suit
asking to be permitted to redeem a *junior incumbrance.* (Rep.)
The Supreme Court say that he has no right to redeem
under his *second* mortgage, *because* he was as *lis-pendens* pur-
chaser, and is bound by the decree.   As to his *first* mort-
gage the Court say, " the rights of the purchaser of the mort-

Hasselman and Watson *v.* Yandes, McKernan and Pierce.

.gaged premises, under the decree, could not be affected by the unrecorded mortgage of which he had no notice."

It would appear that it was Harlock's own neglect in not putting his mortgage on record as authorized by the statute.

In the case at bar we have seen that there is no law authorizing the recording of assignment of mortgages so as to charge parties interested in the mortgaged premises with notice, and it is urged that the rule in Harlock vs. Barnhizer *supra*, does not apply, because there is no way in which constructive notice can be given that plaintiffs were the holders of the junior notes and mortgages.

We think the rule does apply in this case, and the difficulty is in the defective nature of the security the plaintiffs have taken, instead of the rule.

The plaintiffs knew that defendants had a senior mortgage, and defendants knew that Brooker held a junior one, but did not know that plaintiffs held it by assignment. Plaintiffs must have known that they would not be made parties to a suit to foreclose the *senior* mortgage, unless the holder was notified that they held the junior mortgage.

One party or the other has to be charged with some diligence. The holder of the senior mortgage is charged with notice of what may be shown of record, but we think beyond that he is not properly chargeable except by actual notice.

If he makes the party of record a party to his suit of foreclosure, he has done all he ought to be required to do, unless he has notice.

The party holding a secret or unknown lien, or the unknown assignee of a known lien on mortgaged property, ought to be chargeable with such diligence as will bring home notice of his lien to the holder of the older mortgage.

We think the ruling at Special Term was right, and the judgment is affirmed.