## ROWELL *v.* KLEIN.

EVIDENCE.—*Sheriff's Return.*—In an action of replevin, the sheriff made return that he had made diligent search for the property described in the writ, but it could not be found. On the trial the defendant was permitted to testify that the sheriff did find and take from him a part of the property.

*Held*, that the admission of this evidence was erroneous. The return of the sheriff was conclusive, and the remedy of the defendant, if the return was untrue, was by an action against the sheriff for making a false return.

SAME.—*Principal and Agent.*—The declarations, admissions, or acts of an agent are evidence against his principal, only when made as to a business matter within the scope of his agency, which was being transacted at the time.

SAME.—*Husband as Agent for Wife.*—A wife may constitute her husband her

agent; but to establish this, the evidence must be clear and satisfactory, and sufficiently strong to explain and remove the equivocal character in which she is placed by reason of her relation of wife.

SAME.—*Agency.*—*Order of Proof.*—The general rule is, that the agency must be established before the declarations of the agent are admissible; but if, after the declarations have been admitted, the agency is sufficiently proved, this cures the error.

PRACTICE.—*Answer of Jury to Interrogatories.*—The court instructed the jury that if there was not sufficient evidence to enable them to find either way upon propositions embodied in certain interrogatories, they need not find either way, but the return of the fact that there was not sufficient evidence to enable them to find either way would be a sufficient answer.

*Held,* that the instruction was erroneous; that if there was any evidence on the subject embraced in the interrogatories, the jury must answer them or disagree.

LANDLORD AND TENANT.—*Tenant of Trespasser.*—*Rights and Liabilities.*— A tenant who rents of and enters under one in adverse possession of land, against whom a suit is pending to recover the possession of such land, of which suit the tenant has actual notice, cannot after the recovery of the land against his landlord, and after the latter has surrendered the possession in pursuance of such recovery, enter and take away the crops sowed by him during the pendency of the suit.

REPLEVIN.—*When Maintainable.*—*Code.*—The action of replevin may now be maintained in all cases where the action of trespass would lie, prior to the adoption of the code, for taking away personal property.

From the Elkhart Circuit Court.

*A. S. Blake, R. M. Johnson, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

BUSKIRK, J.—This was an action of replevin for the recovery of a quantity of wheat in the sheaf.

The defendant answered by the general denial.

The cause was submitted to a jury for trial and resulted in a finding for the defendant.

The court overruled the appellant's motion for a new trial and rendered judgment on the verdict.

The appellant has assigned for error the overruling of the motion for a new trial.

The motion for a new trial was prepared with great care and particularity, and assigned many causes, but the questions mainly discussed and relied upon by counsel for appellant relate to the admission of illegal evidence and the giv-

ing of improper, and the refusing to give proper, instructions to the jury.

The evidence is quite voluminous, and the instructions given and those refused are very lengthy, covering nearly twenty pages of the record. We do not deem it necessary to set out the instructions, as we can state the substance of the instructions given and those refused in much less space than would be occupied by the instructions.

The first question arising in the record is, did the court err in the admission of evidence?

The return of the sheriff on the writ of replevin was as follows:

" Come to hand July 27th, 1868. Diligent search was made by me, but the property herein described could not be found. This writ is therefore returned unsatisfied.

"ED. R. KERLETTER, Sheriff Elk. Co."

The court, over the objection and exception of the plaintiff, permitted the defendant to testify that the sheriff took from him by virtue of such writ thirty-eight bushels of wheat. It is claimed by counsel for appellant that the return of the sheriff was conclusive upon the parties to the action and could not, therefore, be contradicted in such proceeding.

The position assumed seems to be sustained by the authorities. If an officer makes a false return, the remedy is against the officer. This return can not be contradicted except in such an action. *Hamilton* v. *Matlock*, 5 Blackf. 421; *Remington* v. *Henry*, 6 Blackf. 63; *Burger* v. *Becket*, 6 Blackf. 61; *Smith* v. *Noe*, 30 Ind. 117; *Angell* v. *Bowler*, 3 R. I. 77; *Stoors* v. *Kelsey*, 2 Paige Ch. 418.

·The court erred in the admission of parol evidence to contradict the return of the sheriff to the writ of replevin.

It is next claimed that the court erred in the admission of the declarations and acts of Mr. Rowell, the husband of the plaintiff below and appellant here. The defendant testified as follows: " I saw Mr. B. C. Rowell on the 4th of July. I told him I wanted to cut the wheat the long way of the field. We then agreed how to divide it. He told me that it

was all right. We agreed to divide the field lengthwise."

Prior to the admission of the above evidence, a witness had testified that he was present when Mrs. Rowell had requested her husband to go up and forbid the defendant's cutting of the wheat. This was all the evidence that was introduced to show that Mr. Rowell was authorized to act as the agent of his wife.

The wife may constitute the husband her agent, but to establish this, the evidence must be clear and satisfactory, and sufficiently strong to explain and remove the equivocal character in which she is placed by reason of her relation of wife. The general rule is, that the agency must be established before the declarations of the agent are admissible, but if, after the declarations have been admitted, the agency is sufficiently proved, this would cure the error, or rather would make it a harmless one. The declarations, admissions, or acts of an agent are evidence against his principal, only when they are made as to a business matter within the scope of his agency, and which is being transacted at the time. A person who is appointed an agent for a specified and limited purpose has no right to exceed his authority, and if he does his acts or declarations are not binding upon his principal, unless subsequently ratified. *Hynds* v. *Hays*, 25 Ind. 31; *The Lafayette, etc., R. R. Co.* v. *Ehman*, 30 Ind. 83; *Morehead* v. *Murray*, 31 Ind. 418; *Bennett* v. *Holmes*, 32 Ind. 108; *Whitescarver* v. *Bonney*, 9 Iowa, 480; *Morris* v. *Sargent*, 18 Iowa, 90; *Nicholl* v. *Jones*, Law Rep. 3 Eq. 695; *Sunderland* v. *Sunderland*, 19 Iowa, 325; *McLaren* v. *Hall*, 26 Iowa, 297.

It is, in the next place, insisted that the court erred in the instructions given to the jury, in reference to their duty in answering interrogatories. The question is presented by a bill of exceptions and is thus stated: "The above entitled cause being on trial and submitted to a jury, and the plaintiff having filed seventeen interrogatories and special findings of facts and requested that the jury be required to answer them in case they found a general verdict, and the court hav-

ing instructed the jury to so find, and the jury having retired to consider of their verdict, returned into open court and reported that they could not answer number eleven, twelve, fourteen, and seventeen of the interrogatories and special finding, submitted to them, and which they were so required to answer as aforesaid, and that as to such interrogatories and special findings, they answered that they did not know; and the plaintiff objecting to the discharge of the jury until the said interrogatories and special findings had been more fully and specifically answered, and moving the court that they be again sent out to make said answer, thereupon the court instructed the jury that if there was not sufficient evidence to enable them to find either way upon the said propositions, so embodied in the said interrogatories and special findings, they need not find either way, but the return of the fact that there was not sufficient evidence to enable them to find either way would be a sufficient finding; to the giving of which instruction and ruling of the court, the plaintiff at the time excepted."

The precise question, arising upon the above instruction, was considered and decided adversely to the instruction in *Maxwell* v. *Boyne*, 36 Ind. 120, where it was held that if there was any evidence on the subject, the jury must answer the interrogatories or disagree.

Adhering to the ruling in that case, we must hold that the court erred in giving the above instruction.

The material facts in the case are these: The plaintiff was the owner of a tract of land, which was in the adverse possession of one Louis Hoops; the plaintiff commenced an action to recover the possession of the land; that while this action was pending, the said Hoops rented to Klein, the defendant, a field of some ten or twelve acres, who with full knowledge of the title of plaintiff, and the claim under which Klein held possession, sowed such field in wheat; that said action was decided in favor of the plaintiff; that Hoops, in the spring after the wheat was sowed, surrendered to the plaintiff the actual possession of all of said farm except the

Rowell *v.* Klein.

field where the wheat was growing, who placed a tenant in possession; that during the summer the defendant occasionally repaired the fencing around such field; that when the wheat was ripe he harvested it, and this action was brought to recover the possession of the wheat.

The real question, therefore, presented for our decision is, whether a tenant who rents of and enters under one in adverse possession of land, against whom is pending a suit to recover the possession of such land, of which suit the tenant has actual notice, can, after the recovery of the land against his landlord, and after his landlord has surrendered the possession of the land in pursuance of the recovery so had, enter and take away the crops sowed by him during the pendency of the suit.

The law is well settled that by her recovery she was entitled not only to the soil, but to the wheat then growing upon it and constituting a part of it. Every claim that may have been urged by Hoops to the land or anything growing upon it, at the time of the judgment, was merged in the judgment, and though the appellee was not a party to this judgment, he was just as conclusively bound by it as was his landlord, Hoops. *McLean* v. *Bovee*, 24 Wis. 295; *Doe* v. *Witherwick*, 3 Bingham, 11; *Hodgson* v. *Gascoigne*, 5 Barn. & Ald. 88; *Lane* v. *King*, 8 Wend. 584; *Sheets* v. *Selden*, 7 Wal. 416; *McGregor* v. *McGregor*, 21 Iowa, 441; *Cooley* v. *Brayton*, 16 Iowa, 10; *Jackson* v. *Stone*, 13 Johnson, 447; *Jackson* v. *Hills*, 8 Cowen, 290; *Morgan* v. *Varick*, 8 Wend. 587; *Haven* v. *Adams*, 8 Allen, 363; *Borrowscale* v. *Tuttle*, 5 Allen, 377; *Brighton* v. *Brighton*, 1 R. I. 112; *Harlock* v. *Barnhizer*, 30 Ind. 370; *Green* v. *White*, 7 Blackf. 242; *Dewey* v. *Osborn*, 4 Cow. 329; *Truitt* v. *Truitt*, 38 Ind. 16.

The instructions of the court, taken altogether, were not in accordance with the views above expressed or the doctrine laid down in the cases above cited. It results, that if the appellee had any title to the wheat at the time it was harvested, he must have acquired it by virtue of some contract or agreement made with the plaintiff subsequent to the

surrender to her of the possession of the land by Hoops.

The court instructed the jury, in substance, that if the appellee, while in the adverse possession of the land under a claim of right, cultivated and harvested the wheat in controversy, the appellant, although the rightful owner, could not recover the crops in an action of replevin, instituted while the appellee was so in possession.

This instruction is attempted to be sustained by the case of *De Mott* v. *Hagerman*, 8 Cowen, 220, which was decided when much importance was attached to the form rather than the substance of the action, and is expressly based upon a misconception of form, holding that although trespass would lie for the carrying away of the crops, replevin would not. The ruling in the above case is technical and presents a degree of nicety not recognized by many very high authorities. *Waterman* v. *Matteson*, 4 R. I. 539; 1 Chitty Pl. 149, and note 1; *Nelson* v. *Burt*, 15 Mass. 204; *The People* v. *Alberty*, 11 Wend. 161; *Schermerhorn* v. *Buell*, 4 Denio, 422; *Haythorn* v. *Rushforth*, 4 Harrison, 160; *Ely* v. *Ehle*, 3 N. Y. 506.

We believe it was always the rule, that when trespass would lie for the severing from the realty of that which by the severance became personalty, replevin would lie for the recovery of such personalty, and that trespass could be maintained in any and all cases where the plaintiff had the right of property, and also the right of immediate possession, although the actual possession was in another. *Mason* v. *Lewis*, 1 Greene, Iowa, 494. And now by statute this remedy is available to recover property unlawfully detained, though rightfully taken. Indeed, the statute having abolished the distinction between forms of action, and given the party redress for whatever wrong exists, according to and measured by the facts, showing such wrong in whatever form presented, there seems to be no room to doubt that the action of replevin may now be maintained in all cases where the action of trespass would lie, prior to the adoption of our code, for taking away personal property.

If the crops growing upon the land, at the time the appellant recovered it from Hoops belonged to her, and the appellee, had no right to, but did, take them away, she has a right to recover them in this form of action, if they can be found; and if not found, the statute provides that in this action she may recover their value.

What more or less could she recover in any form of action? It is not denied she has a remedy; but it is contended that that remedy should be by an action of trespass for *mesne* profits. Our practice does not sanction such technicality, even were the case within the authority relied upon. But whatever may have been the law upon this subject at the time of the decision in 8 Cowen, *supra*, or whether that case is well decided or not, it and the instruction framed upon it would better apply to some other case than this. Confessedly, the appellee never claimed a right to the land, but entered under and as the tenant of Hoops, whose rights were determined long before the taking of the wheat by the appellee, and determined in such a manner as to be just as conclusive against the appellee as against Hoops; and the wheat was not taken away by the appellee until after the appellant had placed a tenant in the actual possession of the farm, upon a portion of which this wheat was growing, with claim of possession of every part thereof. *Langworthy* v. *Myers*, 4 Iowa, 18. After Hoops had surrendered the possession of the premises to the appellant, in pursuance of the judgment in ejectment, could he have entered and carried away the crops, without liability? and if he could not, then could the appellee, who but represented him? *King* v. *Fowler*, 14 Pick. 238.

It is very obvious that, after Hoops had surrendered the possession of the farm to the appellant, he would have had no right to have entered, and cut and carried away the wheat in controversy, and it seems very plain to us that as the appellee claimed under Hoops and was conclusively bound by the judgment against him, he can not occupy any better or

more favorable position than Hoops, and that the court erred in giving the above instruction.

The judgment is reversed, with costs; and the cause is remanded, for a new trial in accordance with this opinion.